**Teresa Herrero GUTIERREZ et al., Plaintiffs,**

v.

**RAYMOND INTERNATIONAL, INC. et al., Defendants.**

**Civ. A. No. H–77–1639.**

United States District Court, S. D. Texas, Houston Division.

April 29, 1980.

Hubert L. Stone, Jr., Corpus Christi, Tex., for plaintiffs.

Eugene J. Silva, Vinson & Elkins, Houston, Tex., for defendants.

### MEMORANDUM AND ORDER

SEALS, District Judge.

Plaintiffs seek to amend their complaint to add a party, Occidental of Britain, Inc. (OBI), a California corporation, with its principal place of business in the United Kingdom. OBI owned an interest in the fixed drilling platform the PIPER ALPHA and contracted with the Blandford Shipping Company, Ltd. for the use and the service of the Bredford Dolphin, a semi-submersible construction barge, in connection with the construction and installation of the PIPER ALPHA. Plaintiffs bring this action to recover for the death of Jesus Ruiperez who disappeared from the drilling site in 1976. The plaintiffs also seek to add Occidental Oil & Gas Corporation because it is amenable to service of process in Texas and they assert that it is the alter ego of OBI. Previously, the Court has dismissed plaintiffs' claims against the Occidental Petroleum

Corporation for lack of in personam jurisdiction. 484 F.Supp. 241 (S.D.Tex. 1979).

The statute of limitations has run regarding plaintiffs' Jones Act and Death on the High Seas Act causes of action, and the analogous statute of limitation has run regarding plaintiffs' claims under the general maritime law (assuming that a wrongful death action could be brought under the general maritime law for an accident occurring in the North Seas, which it cannot). Accordingly, the plaintiffs' motion to file a second amended complaint must be considered in light of Federal Rule of Civil Procedure 15(c). After considering that Rule, the Court concludes that plaintiffs' motion must be denied.

Although the proposed amendment arises out of the occurrence set forth in the original pleading and the two proposed parties received fair notice of the institution of the action, there is nothing to indicate that the two proposed parties "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against [them]." The opposite is true: the entities were on notice that the plaintiffs knew the identity of the proper parties and that the plaintiffs intended to proceed utilizing an alter ego theory. Plaintiffs made a deliberate tactical decision. They cannot now claim that it was all a mistake. Occidental Petroleum Corporation informed the plaintiffs' attorney that it owned no direct interest in the PIPER ALPHA. In late 1978, counsel for Occidental Petroleum Corporation as much as invited the plaintiffs to bring an action against the parties they now seek to add. The plaintiffs discarded that advice until learning that Occidental Petroleum Corporation was not amenable to service of process.

This case is unlike *Skidmore v. Syntex Laboratories, Inc.*, 529 F.2d 1244 (5th Cir. 1976). In that case the Court of Appeals stated that "[i]t does not appear to us that the plaintiff's attorney was at fault in having failed earlier to discover the facts . . ." *Syntex* did involve a conglomerate which, like Occidental, appears to have been structured to confuse potential adversaries. Counsel for Occidental Petroleum Corporation, however, did make an effort to help the plaintiffs sort out the corporate relationships. Indeed, plaintiffs received in 1978 copies of the platform contract and construction barge contract which show that OBI was the proper party. This case is similar to *Francis v. Pan American Trinidad Oil Company*, 392 F.Supp. 1252 (D.Del. 1975). In *Francis* the court stated:

In this case, plaintiffs were aware of Santa Fe's ownership of the barge well prior to the running of the statute. Hence, even if Santa Fe had timely knowledge of the suit against Amoco, it would have had no reason to suspect that plaintiffs had made a mistake—as opposed to a strategic choice of defendant.

*Id.* at 1259. *Francis* also involved an injury to a seaman employed aboard a movable drilling barge and the plaintiffs in that case also learned during discovery the identity of the proper party.

The purpose behind the 1966 amendment to our Rule 15(c) was to mollify harsh results occurring when a plaintiff sued the wrong party and upon discovering the proper party was barred from amending the complaint by the statute of limitations. When the proper party had adequate notice of the action and of the plaintiff's mistake, he was deprived of his statute of limitations defense. Rule 15(c) was not drafted to encourage piecemeal litigation wherein a party could pursue one tack comforted by the knowledge that he could amend if his efforts failed. Here the plaintiffs have had ample notice of the proper party. They have made no effort to define adequately the "contacts between the litigation and the forum." *Rush v. Savchuk,* 444 U.S. 320, 328, 100 S.Ct. 571, 577, 62 L.Ed.2d 516, 525 (1980). Rather, they have attempted to find an Occidental subsidiary which has contacts with both OBI and Texas, looking for a thinner patch in the corporate veil. This is not a case in which the plaintiffs are being shooed off to a distant forum to pursue a ubiquitous conglomerate. The plaintiffs have come to a distant forum search-

ing for a means to sue an absent party. The Rule permitting the relation back of amendments does not permit the trial and error method.

For the reasons stated above, the Court hereby ORDERS:

Plaintiffs' motion for leave to file a second amended complaint is DENIED.