UNICURE, INC., Plaintiff,

v.

Robert THURMAN; Atlas Sewing Centers, Ltd.; Jeremy D. Nelson, Individually and d/b/a Canadian Custom Packaging Co. and as Creative Custom Packaging Co.; Jezebel Limited, Defendants.

Jeremy D. NELSON and Trafalgar Industries of Canada, Ltd., Third Party Plaintiffs,

v.

Robert THURMAN, Atlas Sewing Centers Ltd., and Jezebel Limited, Third Party Defendants.

No. CIV–77–642.

United States District Court, W.D. New York.

June 25, 1982.

P. Michael Lynch, Buffalo, N.Y., for plaintiff.

Henry W. Killeen, III, James J. Hagerty, Buffalo, N.Y., for defendants.

ELFVIN, District Judge.

Plaintiff Unicure, Inc. ("Unicure") commenced this action to recover damages for certain commercial torts allegedly committed by defendants Thurman, Atlas Sewing Centers, Ltd. ("Atlas"), Jezebel, Ltd. ("Jezebel"), Nelson and Trafalgar Industries of Canada, Ltd. ("Trafalgar"). Thurman is a former director and the former President of Unicure and is also an officer and the sole shareholder of Atlas. Thurman also appears to have had some substantial association with Jezebel, which now is insolvent. Nelson is an officer of Trafalgar, which Unicure alleges is Nelson's "alter ego." The defendants Canadian Custom Packaging Co. and Creative Custom Packing Co. are unincorporated businesses operated by Nelson. Pursuant to a stipulation by Unicure, Thurman and Atlas December 19, 1980 and filed June 19, 1981, the action has been discontinued with respect to Thurman and Atlas.[1] Jurisdiction is premised upon diversity of citizenship of the parties.

Nelson has moved to dismiss certain claims for relief asserted against him in the Amended Complaint, filed June 16, 1981. Additionally, Thurman and Atlas have moved to dismiss the Third-Party Complaint which was filed against them by Nelson and Trafalgar July 8, 1981.

Unicure's original Complaint asserts a total of ten causes of action. The first, third and fourth causes of action are asserted against Thurman and are based on his alleged misuse of corporate funds and his claimed failure to provide certain services to Unicure. The second cause of action also relates to an alleged failure to provide services to Unicure but is asserted against both Thurman and Atlas. None of the first four causes of action mentions defendant Nelson.

The fifth cause of action alleges that Nelson, who manufactured certain cosmetic products for Unicure which were sold by it under the brand name "Unicure," entered into a conspiracy with Thurman some time prior to April, 1976 to gain control of Unicure from one Richard Tucker. The fifth cause of action further alleges that Thurman, while "accompanied" by Nelson and an attorney by the name of Wisbaum, made certain representations to Chemical Bank which caused the bank to demand payment on certain notes issued by Unicure to it with the effect that Unicure was placed "on the verge of bankruptcy." Although the fifth cause of action purports to state a claim based on conspiracy between Thurman and Nelson, it is asserted only against Thurman and Atlas; Nelson is not named as a defendant in the original Complaint's fifth cause of action.

The sixth cause of action set forth in the original Complaint is asserted solely against Thurman and is based on his alleged failure to disclose to Unicure the formulae used to manufacture its conditioner and shampoo. Unicure alleges that as a result of Thurman's failure to disclose said formulae, it was forced to contract only with Nelson for the manufacture of its products. Nelson is

1. The stipulation is not by its terms limited to Thurman and Atlas but such a limitation is implicit, inasmuch as the stipulation has been signed on behalf of counsel for Unicure and Thurman and Atlas. Nelson was not a party to the stipulation, in contravention of Fed.R.Civ.P. rule 41(a)(1)(ii). In order to maintain Thurman and Atlas in the case, Nelson and Trafalgar have commenced a third-party action against them. The Third-Party Complaint also names Jezebel as a defendant, but Jezebel has neither answered nor moved to dismiss the third-party proceeding.

not named as a defendant with respect to the sixth cause of action.

The original Complaint's seventh and eighth causes of action are based on Thurman's alleged conversion of Unicure's books and records, including information relating to its customers and dealers, and certain representations made by Thurman to Unicure's customers. The seventh and eighth causes of action are asserted only against Thurman and do not mention Nelson.

The original Complaint's ninth and tenth causes of action set forth the same basic claims but are repetitively asserted against Nelson on the one hand and against Thurman and Jezebel, on the other. In these causes of action, Unicure alleges that Nelson, utilizing Unicure's secret formulae, manufactured hair and skin conditioner for and on behalf of Thurman and Jezebel which Jezebel in turn marketed under the names "Jezebel" and "The Only Solution." Unicure further alleges that such hair and skin conditioner was marketed by Jezebel to Unicure's customers.

Nelson filed a motion March 13, 1981 for leave to amend his answer and to assert various counterclaims, including claims against Tucker as Unicure's President and controlling shareholder. Unicure filed a motion May 1, 1981 for leave to file an amended complaint. The affidavit of P. Michael Lynch (Unicure's counsel), sworn to April 30, 1981, indicates that the purpose of the proposed amendment was to add Trafalgar as a defendant, inasmuch as Nelson had claimed that Creative Custom Packaging Co. had been operated as a subdivision of Trafalgar rather than as an unincorporated proprietorship. Nevertheless, the Amended Complaint accomplishes more than the simple addition of Trafalgar as a defendant. Rather, the proposed Amended Complaint for the first time expressly names Nelson as a defendant on the fifth, sixth, seventh, eighth and tenth causes of action asserted in the original Complaint.

Both Nelson's motion and Unicure's motion for leave to file amended pleadings were opposed on various grounds. Oral argument was held May 18, 1981, at which time I directed that Unicure would be permitted to file its Amended Complaint thereby also permitting Nelson to file an "amended" answer. I also indicated that I would treat Nelson's opposition to the proposed amendment as a "motion" to dismiss the Amended Complaint. I entered a written order May 27, 1981 which "granted" Unicure's motion for leave to file the Amended Complaint subject, of course, to my prior indication at oral argument that I would treat Nelson's opposition as a motion to dismiss such amended pleading. Unicure filed its Amended Complaint June 16, 1981 and Nelson and Trafalgar filed their Answer thereto June 29, 1981. In a Memorandum and Order entered July 22, 1981 I directed the parties to submit additional memoranda of law with respect to Nelson's "motion" to dismiss the Amended Complaint.

Nelson and Trafalgar filed their Third-Party Complaint July 8, 1981. Thurman's and Atlas's motion to dismiss the third-party proceeding was submitted without oral argument November 30, 1981.

Nelson's motion to dismiss the Amended Complaint is based on his contention that Unicure is barred by applicable statutes of limitations from asserting its fifth, sixth, seventh and eighth causes of action against him. Unicure does not dispute that the three-year limitations period prescribed by section 214(4) of New York's Civil Practice Law and Rules ("CPLR") applies to its fifth cause of action, that its sixth and seventh causes of action are governed by the three-year limitations period set by section 214(3) of the CPLR or that its eighth cause of action is subject to the one-year limitations period established by section 215(3) of the CPLR. Nor does Unicure argue that the Amended Complaint was filed within the applicable limitations periods. Rather, it argues that pursuant to Fed.R.Civ.P. rule 15(c), the Amended Complaint relates back to the time of the filing of the original Complaint and is therefore timely.

Rule 15(c) provides in pertinent part: "Whenever the claim or defense asserted in the amended pleading arose out of the

conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The general purpose of rule 15(c) is to permit an amended pleading which would otherwise be barred by the statute of limitations, provided that the original pleading gave fair notice of the general factual situation out of which the claim sought to be put forth in the amended pleading arises. *See,* 3 Moore's Federal Practice, ¶ 15.15[3], at 15–194. If adequate notice is provided by the original pleading, the purpose of the statute of limitations to require notice of a claim within a certain period of time has been satisfied.

■ The threshold requirement for relation back under rule 15(c) is that the claim(s) sought to be asserted in the amended pleading must arise out of the same essential transaction set forth in the original pleading. This requirement is satisfied if the latter provided the defendant with "fair notice that litigation is arising out of a specific factual situation." *Longbottom v. Swaby,* 397 F.2d 45, 48 (5th Cir.1968). In one sense, Unicure has provided such notice in the present case; the fifth, sixth, seventh and eighth causes of action which are asserted against Nelson in the Amended Complaint involve virtually the identical conduct which forms the bases of the same

causes of action in the original Complaint.[2] However, the same transaction requirement has not been satisfied in that the fifth, sixth, seventh, and eighth causes of action were not previously asserted as a basis for *Nelson's,* liability.

Thus, Nelson's motion to dismiss the Amended Complaint arises in an unusual situation. The cases cited by Nelson in his memorandum of law in support of his motion involve either amended pleadings which attempted to assert claims based on totally new factual allegations (*see, e.g., Barnes v. Callaghan & Co.,* 559 F.2d 1102, 1105–6 (7th Cir.1977); *Rosenberg v. Martin,* 478 F.2d 520, 526 (2d Cir.), *cert. denied* 414 U.S. 872, 94 S.Ct. 102, 38 L.Ed.2d 90 (1973)) or which sought to bring in a party not previously named as a defendant (*see, e.g., Norton v. International Harvester Co.,* 627 F.2d 18 (7th Cir.1980); *State Tchrs. Retirement Bd. v. Fluor Corp.,* 500 F.Supp. 278, 286–87 (S.D.N.Y.1980), *aff'd on other grounds,* 654 F.2d 843, 855 (2d Cir.1981); *Gutierrez v. Raymond Intern., Inc.,* 86 F.R.D. 684 (S.D.Tex.1980)). Here, however, Unicure seeks to assert against a party already named as a defendant claims based on factual allegations which previously had not served as a basis for imposing liability against said defendant. In essence, Unicure's Amended Complaint expands the scope of the factual allegations against Nelson.

■ Because the primary consideration under rule 15(c) is whether the original pleading provides adequate notice, *Holdridge v. Heger-Schulte Corp. of Santa Barbara,* 440 F.Supp. 1088, 1093 (N.D.N.Y. 1977), Unicure's assertion of the fifth, sixth, seventh and eighth causes of action against Nelson in the Amended Complaint will be permitted to relate back to the filing of the original Complaint only if the latter provided Nelson with adequate notice that the conduct and transactions set forth in said

---

**2.** The allegations of the Amended Complaint differ somewhat from those of the original Complaint. In the Amended Complaint's seventh cause of action (paragraph 51), it is alleged that Thurman and Nelson conspired "to cause financial ruin to [Unicure]," whereas the initial Complaint alleges that Thurman and Nelson conspired "to gain * * * a majority stock or controlling position in [Unicure]."

causes of action might provide a basis for imposing liability on *him*. I conclude that the original Complaint does not satisfy this requirement.

Certainly, the fifth, sixth, seventh and eighth causes of action are factually distinct from the ninth cause of action. The former claims are based on alleged interference with Unicure's banking relationships, failure to disclose to Unicure the formulae for its conditioner, conversion of Unicure's records relating to its dealers and customers, and slanderous statements made to Unicure's customers. The ninth cause of action is based on alleged unauthorized use of Unicure's secret formulae, an entirely different type of misconduct.

Moreover, the original Complaint fails to allege that Nelson himself committed any of the alleged wrongful acts set forth in the fifth through eighth causes of action. The original Complaint's fifth cause of action (paragraph 36) does allege that Thurman and Nelson conspired to obtain control of Unicure. In and of, itself, such a "conspiracy" would not amount to wrongful conduct by Nelson. More importantly, the original Complaint fails to allege that any of the conduct on Thurman's part which serves as a basis for the fifth, sixth, seventh and eighth causes of action was in furtherance of the alleged conspiracy between Nelson and him. Nor is there any allegation that Nelson induced, encouraged or assisted Thurman's wrongful conduct.

The original Complaint's fifth cause of action (paragraph 40) alleges that Thurman made certain representations to Unicure's bank while he was "accompanied" by Nelson and their attorney, Wisbaum. In the absence of any allegation that Thurman's representations to the Bank were made in furtherance of the conspiracy between Nelson and him or were induced or encouraged by Nelson, Nelson's presence at the time the statements were made hardly amounts to wrongful conduct on his part. Similarly, paragraph 39 alleges that Wisbaum made certain statements to Unicure's bank pursuant to "instructions from the defendant"— i.e., Thurman, not Nelson. The Complaint's

sixth cause of action (paragraph 46) alleges that "the contents of the formula [for Unicure's conditioner] were known, and the process of manufacturing the products were [sic] known by * * * Nelson." However, the sixth cause of action fails to allege that Nelson was ever asked to reveal the formula or manufacturing process to Unicure or that he refused to do so. The seventh and eighth causes of action in the original Complaint fail to even mention Nelson, except as previous allegations are incorporated by reference.

In sum, the original Complaint sets forth no significant factual basis which would indicate that Nelson could or would be held responsible for Thurman's activities which are set forth in the fifth, sixth, seventh and eighth causes of action. Its allegations concerning Nelson's "involvement" in Thurman's activities are meager at best. Thus, Unicure did not provide such sufficient notice to Nelson that he would be made a defendant with respect to the fifth through eighth causes of action that the Amended Complaint should relate back to the Complaint.

Unicure has suggested that the Amended Complaint merely clarifies certain allegations which were made in its initial Complaint but that the amended pleading makes no substantive changes from the original. I find this contention to be devoid of merit. A fair reading of the original Complaint plainly shows that the fifth, sixth, seventh and eighth causes of action are asserted only against Thurman and Atlas and not against Nelson. Unicure's intent to assert particular causes of action against certain defendants but not against others is evidenced by its identification of specific defendants in the caption of each cause of action, its use of capital letters to identify the particular defendant(s) in the text of each cause of action, and (in the fifth, sixth, seventh and eighth causes of action) by its use of the singular "defendant" to refer to Thurman rather than Thurman *and* Nelson. Rather than clarifying its allegations by way of the Amended Complaint, Unicure patently seeks to make Nel-

son the primary target of this litigation. Having settled its claims with Thurman and discontinued the action with respect to him, Unicure is attempting to switch defendants and press the very same claims against Nelson (presumably with Thurman's cooperation).[3] Thus, the Amended Complaint cannot be said to relate back on the grounds that it merely "clarifies" the original Complaint.

Rule 15(c) is, of course, to be interpreted and applied in a liberal manner. *Rural Fire Protection Company v. Hepp*, 366 F.2d 355, 362 (9th Cir.1966). However, my holding that Unicure's Amended Complaint does not relate back to the original Complaint for purposes of determining whether the fifth, sixth, seventh and eighth causes of action are timely with respect to Nelson is consistent with the purposes of both rule 15(c) and the statute of limitations. Rule 15(c) is generally intended to ameliorate the effect of the statute of limitations where, for example, the plaintiff seeks to change the theory under which he seeks recovery, to add or substitute parties, or to correct a misnomer. *See, Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir.1980).

Unicure has failed to make any showing that it should be entitled to the benefits of rule 15(c). Rather than attempting to correct an omission or mistake committed in the original Complaint, Unicure deliberately seeks to pursue an altogether new course by asserting the fifth, sixth, seventh and eighth causes of action against Nelson for the first time. No reason appears why Unicure could not have asserted the fifth through eighth causes of action against Nelson within the appropriate limitations period. Indeed, there is every indication that Unicure could have made Nelson a defendant with respect to such claims at the time the original Complaint was filed. Because it did not do so, Nelson well could have believed that Unicure had some strategic or tactical reason for not naming him a

defendant on such claims. *See, Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99, 103 (1st Cir.1979). Unicure's inexcusable neglect (if its delay can be so categorized) in failing to name Nelson as a defendant on the fifth through eighth causes of action within the appropriate limitations period weighs against permitting the Amended Complaint to relate back. 3 Moore's Federal Practice, ¶ 15.15[4.–2], at 15–231. *See also, Roorda v. American Oil Co.*, 446 F.Supp. 939, 947 (W.D.N.Y.1978).

In the circumstances of this case, permitting the Amended Complaint to relate back to the filing of the original Complaint would be an abuse of the liberal pleading rules adopted in the Fed.R.Civ.P. and would be inconsistent with the purposes of the statute of limitations. As one court has stated:

"Rule 15(c) was not drafted to encourage piecemeal litigation wherein a party could pursue one tack comforted by the knowledge that he could amend if his efforts failed." *Gutierrez v. Raymond Intern, Inc., supra*, at 685.

Similarly, in the absence of some mistake or other excuse for delay, rule 15(c) should not be applied so as to permit a plaintiff to assert particular causes of action against one defendant and then, after settling such claims against that defendant, re-institute the very same claims against another defendant *after* the statute of limitations has expired. Unless the latter defendant has received adequate notice within the appropriate limitations period that he might be subject to liability on such claims (a condition not satisfied in the present case), relation back would substantially undermine the purpose of the statute of limitations to require notice of litigation based on a *particular* claim within a specified period of time. Therefore, I conclude that Unicure is barred by applicable statutes of limitations from asserting the fifth, sixth, seventh and eighth causes of action against Nelson.

---

**3.** If there is a need for further support for this inference, it should be noted that the stipulation discontinuing Unicure's claims against Thurman and Atlas was signed December 19,

1980 but was not filed until June 19, 1981, *after* I had granted Unicure's motion for leave to file an Amended Complaint.

In their Third-Party Complaint, Nelson and Trafalgar allege that Thurman, Atlas and/or Jezebel should be held responsible for the amount of any judgment which may ultimately be obtained by Unicure. The essential basis for this claim is that any liability of Nelson and Trafalgar to Unicure "will have been caused by the active and primary conduct" of Thurman, Atlas, and Jezebel. The third-party defendants have moved to dismiss Nelson's and Trafalgar's claim against them on the grounds that they are not subject to the jurisdiction of this court. In support of the motion, Thurman states that he is a citizen of Canada. He has also submitted an affidavit to the effect that Atlas is a Canadian corporation which is not doing business in New York. However, the motion to dismiss the Third-Party Complaint totally ignores section 302 of the CPLR as a basis for jurisdiction over the third-party defendants. The Third-Party Complaint is premised upon the very same allegations made against Thurman and Atlas by Unicure in its complaints herein. At least for purposes of the current motion, these allegations are sufficient to sustain jurisdiction pursuant to section 302(a)(2) of the CPLR.

Based on the foregoing discussion, Nelson's motion to dismiss the fifth, sixth, seventh and eighth causes of action is hereby ORDERED granted. Thurman's and Atlas's motion to dismiss the Third-Party Complaint is hereby ORDERED denied.[4]

---

4. Because Thurman's and Atlas's motion to dismiss the Third-Party Complaint is without any significant merit, Nelson and Trafalgar had requested an award of costs and expenses incident to opposing the motion. I have concluded that such an award would be inappropriate.