**Ely A. MARTELL, Plaintiff–Appellant,**

v.

**TRILOGY LIMITED; Trilogy Systems Corp., Defendants–Appellees.**

No. 88–1890.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 16, 1989.

Decided April 10, 1989.

Robert A. Spanner and Karen L. Landau, Beckford & Spanner, Palo Alto, Cal., for plaintiff-appellant.

John W. Crittenden and Patrick J. Mahoney, Cooley Godward Castro Huddleson & Tatum, San Francisco, Cal., for defendants-appellees.

Before HUG, HALL and O'SCANNLAIN, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Ely A. Martell ("Martell") appeals the district court's order dismissing his complaint as time-barred. After the statute of limitations had expired, Martell attempted to amend his complaint to state a different theory of relief against Trilogy Limited and Trilogy Systems Corporation (collectively "Trilogy"). The district court concluded that this theory did not "relate back" to the original complaint and thus fell outside the statute of limitations.

I

Martell was a long-time client of Merrill, Lynch, Pierce, Fenner, and Smith, Inc. ("Merrill Lynch"). In 1981, allegedly upon the advice of his Merrill Lynch representative, Martell purchased two limited partnership units in Trilogy pursuant to a private offering.

In December 1982 Trilogy sought to raise additional capital to finance a particular project by selling preferred stock through a private placement ("1982 private placement"). Martell purchased almost $500,000 worth of this preferred stock. In November 1983 Trilogy initiated a public offering ("1983 public offering"), where it converted this preferred stock to common stock.

In June of 1984, it was publicly disclosed that the project Trilogy had been developing was a failure. The value of Trilogy stock declined markedly, causing Martell to lose a great deal of his investment.

On December 2, 1985, Martell filed his original complaint in federal court in the District of Massachusetts. The complaint stated four causes of action against Merrill Lynch arising out of the 1982 private placement. The complaint also named Trilogy as a defendant, alleging five violations of the securities laws in connection with the 1983 public offering of the common stock. In setting forth its claims against both Merrill Lynch and Trilogy, save one, Martell incorporated by reference the same facts underlying both the 1982 private placement and the 1983 public offering.[1] In April 1986 Martell filed his first amended complaint, which was substantially similar to the original and is not at issue on appeal.

In May 1986 Trilogy moved to dismiss the complaint, arguing that the claims were barred by a prior class action based on the 1983 public offering brought on behalf of Trilogy investors, which included Martell. Trilogy also moved to sever the claims against it from the claims against Merrill Lynch and to transfer the case against it to the Northern District of California. The Massachusetts district judge granted the severance and transfer motions.

In the Northern District of California, Martell sought leave to file a second amended complaint, which is the subject of this appeal.[2] The court granted the motion to the extent the claims were premised on the 1982 private placement, but denied it as to the claims based on the 1983 public offering finding them barred by the judgment in the class action. "[T]he thrust of the new pleading was that Merrill Lynch, who sold him the stock had failed to dis-

close that the investment was not suitable for him." Brief of Appellee 5. Martell sought relief from Trilogy by alleging that Merrill Lynch had acted as Trilogy's agent for the 1982 private placement.

Trilogy moved to dismiss the amended complaint based on the statute of limitations. The district court, ruling that the claims were barred, dismissed the action. This appeal followed.

## II

The sole issue on appeal is whether the amended pleading relates back to the original complaint.[3] The relevant, three-year statute of limitations concerning the 1982 private placement began to run in December 1982. Since the amended complaint was filed in October of 1987, it is timely only if it relates back to the original complaint, which was undisputedly filed within the statutory limits.

Rule 15(c) of the Federal Rules of Civil Procedure provides in relevant part:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the

---

1. In his ninth count against all defendants for negligence, Martell did not incorporate by reference the last three paragraphs of the factual allegations. Essentially, these paragraphs allege reliance on a misleading registration statement and prospectus concerning the 1983 public offering and an intention that there be reliance.

2. Unless otherwise specified, all references to Martell's amended complaint concern the second amended pleading.

3. Martell raises various points to support its position that the district court erred in dismissing the complaint. Our discussion of the relation back issue under the federal rules, however, obviates the need to address these points.

proper party, the action would have been brought against the party.

Rule 15(c) thus establishes two different tests to be applied to two different situations. The first sentence provides the test to be applied when the amended pleading seeks to allege a new or different claim or defense. The court is to determine whether the amendment is transactionally related to the original pleading. The second sentence of the Rule addresses the situation in which the amended pleading attempts to "chang[e] a party against whom a claim is asserted." The litigant seeking amendment must satisfy more stringent requirements. In addition to the requirement that the amendment arise out of the same transaction, Rule 15(c) imposes greater notice demands and a showing of lack of prejudice.

In the present case, the district court concluded that the amended pleading did not relate back to the original complaint. The court reasoned:

> The second amended complaint adds new claims against the defendants. Although similar claims were previously brought against Merrill Lynch in the original complaint, the Court has not found good cause for plaintiffs delay in naming Trilogy as a defendant to these claims. There has been no showing that a mistake in identifying the parties occurred. In addition, the Court finds that relating the complaint back at this late date would prejudice the defendants in their efforts to investigate the claims. Accordingly, the second amended complaint will not relate back to the original complaint.

The district court recognized that the amended complaint sought to add new claims, yet applied the more stringent standard in analyzing the relation back issue. Trilogy attempts to justify this analysis by focusing on the phrase "changing the party against whom a claim is asserted." In the original complaint, Martell asserted claims solely against Merrill Lynch concerning the 1982 private placement; the amended complaint seeks to assert those causes of action against Trilogy. Trilogy concludes that because those claims already were as-serted against Merrill Lynch, Martell, in essence, attempted to "change the party against whom a claim [was] asserted."

Trilogy's novel construction of "changing parties against whom a claim is asserted" cannot withstand analysis. Trilogy attempts to interject ambiguity into an otherwise straightforward rule. Rule 15(c) distinguishes between two types of amendments: one that amends the *claims* against a party already named in the pleading and the other that amends the *party* to the original pleading. *See Percy v. San Francisco General Hosp.*, 841 F.2d 975, 978 (9th Cir.1988) (first sentence of Rule 15(c) controls relation back of amendment seeking "to state a new claim against an original defendant"; second sentence applies to "an amendment that seeks to add a new party"); *see also* 6 C. Wright & A. Miller, Federal Practice and Procedure § 1497, at 502 (1971) ("[A]n amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in the first sentence of Rule 15(c)."); 3 J. Moore, Moore's Federal Practice ¶ 15.15[3], at 15–151 (2d ed. 1988). This distinction finds overwhelming case-law support. The Ninth Circuit, for example, unfalteringly has differentiated between pleadings attempting to amend the claims from those seeking to amend the parties. *Compare Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 856 (9th Cir.1986) (applying more stringent test provided in second sentence when amended complaint attempts to bring in party not named in original pleading), *cert. denied*, 480 U.S. 934, 107 S.Ct. 1575, 94 L.Ed.2d 766 (1987); *Koucky v. Department of Navy*, 820 F.2d 300, 302 (9th Cir.1987) (same); *Romain v. Shear*, 799 F.2d 1416, 1418–19 (9th Cir.1986) (same), *cert. denied*, 481 U.S. 1050, 107 S.Ct. 2183, 95 L.Ed.2d 840 (1987); *Korn v. Royal Caribbean Cruise Line Inc.*, 724 F.2d 1397, 1399–1401 (9th Cir.1984) (same) *with Kern Oil & Refining Co. v. Tenneco Oil Co.*, 840 F.2d 730, 736 (9th Cir.) (applying transactional test provided in first sentence when amended pleader adds new claim), *cert. denied*, —— U.S. ——, 109 S.Ct. 378, 102 L.Ed.2d 367 (1988); *Sierra Club v. Penfold*, 857 F.2d 1307, 1316 (9th

Cir.1988) (same); *Percy,* 841 F.2d at 979 (same); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1103 (9th Cir.1985) (same); *Rural Fire Protection Co. v. Hepp,* 366 F.2d 355, 361–62 (9th Cir.1966) (same). The Notes of the Advisory Committee also make apparent this division. Prior to 1966, Rule 15(c) provided only for amending claims or defenses. In that year, Rule 15(c) was expanded to cover pleading amendments changing the parties to the action. The Notes provide citations to cases the amended Rule sought to address. In each one, the amended pleading sought to include a party who, because of a mistake, previously was not named.

Finally, Trilogy's reliance on the second sentence of Rule 15(c) fails to find a place in logic. If Merrill Lynch had not been named in the action at all, the district court undoubtedly would have inquired only whether the new claims arose out of the conduct, transaction, or occurrence set forth in the original pleading. We see no reason why we should be more solicitous about Martell's attempt to add new claims simply because Merrill Lynch originally appeared as a party. We decline to treat these situations differently.[4]

### III

"When a plaintiff seeks to amend a complaint to state a new claim against an original defendant," our review of the relation back issue is de novo. *Percy,* 841 F.2d at 978. We consider whether the original and amended pleadings share a common core of operative facts so that the adverse party has fair notice of the transaction, occurrence, or conduct called into question. *Id.; see also* 6 C. Wright & A. Miller, *supra,* § 1503, at 535.

A comparison of the original and amended pleadings reveals their similarity. In the original complaint, Martell alleged the same facts for every count against both Merrill Lynch and Trilogy.[5] The amended pleading essentially recaptured the facts formerly alleged, but brought causes of action against Trilogy, which in the original complaint were asserted only against Merrill Lynch. Both pleadings undoubtedly emanate from a common core of operative facts. The district court's findings do not indicate otherwise. Indeed, even Trilogy acknowledges the commonality:

> In October 1987 Appellant filed his Second Amended Complaint. Consistent with his prior complaints, the thrust of the new pleading was that Merrill Lynch, who sold him the stock had failed to disclose that the investment was not suitable for him. Compare [Original] Complaint ("one of the conditions of the purchase was that the amount invested by any one investor should not exceed 20% of the investor's net worth," the plaintiff, who invested $500,000 alleged he "should not have been permitted to invest more than approximately $250,000") with Second Amended Complaint (the investment was allegedly "unsuitable for plaintiff, and plaintiff was not a qualified investor" because of plaintiff's relatively low total assets and income, high margin debt, and the stock's riskiness and lack of marketability).

---

4. Trilogy analyzes the relation back issue employing the more stringent standard provided in the second sentence of Rule 15(c). In its analysis, Trilogy faults Martell for being unable to show that he mistakenly failed to name Trilogy as a defendant with regard to the 1982 private placement.

 Ironically, Trilogy's own analysis of the issue reveals that it is urging the wrong standard. Trilogy begins with language from our decision in *Kilkenny,* 800 F.2d 853, which involved an attempt to add two parties to an action who were not named in the original complaint. Upon applying the second sentence of Rule 15(c), we stated: "Rule 15(c) was intended to protect a plaintiff who mistakenly names a party and then discovers, after the relevant statute of limitations has run, the identity of the proper party." *Id.* at 857.

 This description of the purpose of the second part of Rule 15(c) simply does not cover the circumstances of this case. Martell knew about Trilogy's identity the entire time and actually named it as a party to the original complaint. After carving out a round hole, Trilogy now complains that a square block cannot pass through it.

5. The original complaint does distinguish between the 1982 private placement and the 1983 public offering, alleging wrongdoing involving the former only against Merrill Lynch. However, as later discussed, the focus is on the factual commonality, and not on the actual legal claims made.

Brief of Appellee 5 (citations omitted). In reality, Trilogy never argues that the amended pleading fails to arise out of the conduct, transaction, or occurrence set forth in the original complaint. Rather, as succinctly captured by one of its subheadings, Trilogy contends that "Appellant's claims against Trilogy are not based on any common core of facts *for which recovery has been sought from Trilogy." Id.* at 18 (emphasis supplied). The underscored phrase is revealing. Trilogy is not claiming that the causes of action arise from different facts; instead, it argues that while the new claims are based on facts set forth in the original pleading, it was not at that time charged with the wrong subsequently alleged. Rule 15(c) does not require this sort of notice. As the Fifth Circuit stated aptly long ago:

> Limitation is suspended by the filing of a suit because the suit warns the defendant to collect and preserve his evidence in reference to it. When a suit is filed in a federal court under the Rules, the defendant knows that the whole transaction described in it will be fully sifted, by amendment if need be, and that the form of the action or the relief prayed or the law relied on will not be confined to their first statement.

*Barthel v. Stamm,* 145 F.2d 487, 491 (5th Cir.1944), *cert. denied,* 324 U.S. 878, 65 S.Ct. 1026, 89 L.Ed. 1430 (1945), *cited in* 6 C. Wright & A. Miller, *supra,* § 1497, at 499; *see also Kern Oil & Refining Co.,* 840 F.2d at 736 (rejecting defendant's argument that he must have "fair warning that he might later be accused of some other offense than that raised in the first pleading").

Trilogy's failure to grasp the distinction concerning the scope of the notice required

under Rule 15(c) causes it to misconstrue a district court decision in *Unicure, Inc. v. Thurman,* 97 F.R.D. 1 (W.D.N.Y.1982). In *Unicure* plaintiff brought several causes of action against Thurman [6] and one action against Nelson. Plaintiff then sought to amend its complaint to assert against Nelson some of the actions originally brought only against Thurman. The district court found the new claims not to relate back to the original pleading, reasoning: "[Plaintiff] seeks to assert against a party already named as a defendant claims based on factual allegations which previously had not served as a basis for imposing liability against said defendant." *Id.* at 4. As this passage demonstrates, *Unicure* is distinguishable from the case before us. There the district court concluded that the amended pleading did not derive from the same transaction, occurrence, or conduct pleaded against Nelson in the original complaint. In contrast, we find that the facts originally alleged against Trilogy share a common core of operative facts with those later alleged in the amended pleading. Contrary to Trilogy's characterization, the district court did not state that " 'the primary consideration under rule 15(c) is whether the original pleading provides adequate notice' of the claims Unicure brought against Nelson in the amended complaint." Brief of Appellee 16 (quoting *Unicure,* 97 F.R.D. at 4). Trilogy's completion of the quote is inaccurate.[7] The court did not require adequate notice of the *claims,* but rather of the facts that formed the basis for those claims.[8] 97 F.R.D. at 4, 5.

### IV

In concluding that the amended complaint did not relate back to the original

---

**6.** The same causes of action were alleged against several other entities. For purposes of discussion, we refer only to Thurman when addressing the defendants to these actions.

**7.** The full quote reads: "Because the primary consideration under rule 15(c) is whether the original pleading provides adequate notice, Unicure's assertion of the fifth, six, seventh and eighth causes of action against Nelson in the Amended Complaint will be permitted to relate back to the filing of the original Complaint only if the latter provided Nelson with adequate no-

tice that the conduct and transactions set forth in said causes of action might provide a basis for imposing liability on *him." Unicure,* 97 F.R.D. at 4–5 (citations omitted) (emphasis in original).

**8.** Our reading of *Unicure* comes principally from the test it set forth in analyzing the transactional similarity of the original and amended pleadings. The court framed the analysis in this way:

> The threshold requirement for relation back under rule 15(c) is that the claim(s) sought to

one, the district court applied an erroneous standard. Martell merely sought to add new claims to its original complaint against a party already named as a defendant to the action. In this circumstance, the district court should have analyzed the two pleadings to determine whether they share a common core of operative facts sufficient to impart fair notice of the transaction, occurrence, or conduct called into question. Martell's original and amended complaints unquestionably are transactionally related and provided adequate notice to Trilogy. Accordingly, we hold that the district court erred in dismissing Martell's amended complaint against Trilogy based on the statute of limitations.

REVERSED AND REMANDED.

be asserted in the amended pleading must arise out of the same essential transaction set forth in the original pleading. This requirement is satisfied if the latter provided the defendant with 'fair notice that litigation is arising out of a specific factual situation.' *Unicure*, 97 F.R.D. at 4 (quoting *Longbottom v. Swaby*, 397 F.2d 45, 48 (5th Cir.1968)).

Upon applying the test to the case before it, however, it is not entirely clear whether the court was requiring notice of the amended claims or of the facts that formed the basis for those claims. We construe *Unicure* to have required the latter. To the extent that *Unicure* can be read to have required the former, we reject it. *See Kern Oil & Refining Co.*, 840 F.2d at 736 ("Under Rule 15, the only question is whether the later claims arise out of the conduct, transaction, or occurrence brought to the defendant's attention by the initial claim.").