972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 In the Matter of the Guam Land Cases Filed under the
provisions of the Omnibus Territories Act of 1977.
William P. SAN NICOLAS, Administrator for the Estate of
Guillermo and Carmen P. San Nicolas, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 
 No. 88-15615.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 5, 1992.
Decided July 23, 1992.
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 OVERVIEW
 
 2
 In 1981, a number of former Guamian landowners brought a class action suit against the United States to contest the post World War II condemnation of their land by the United States. The suit was authorized under Section 204 of the Omnibus Territories Act of 1977 (Act), 48 U.S.C. § 1424c. The Appellant, Administrator for the Estate of Guillermo and Carmen P. San Nicolas, intervened in the class action suit, alleging a Section 204 claim for a tract of land known as Estate 104 Dededo. After the class action settled, however, Appellant opted out and filed an individual claim under the Act, federal common law, and the Fifth Amendment to the United States Constitution. The district court dismissed Appellant's individual claim, finding the claim based on the Act barred by the statute of limitations and the remaining claims barred by both the failure to state a claim upon which relief could be granted and the sovereign immunity of the United States. We affirm.
 
 ANALYSIS
 
 3
 Public Law 96-205, section 301(b), 94 Stat. 87 (1980), provides that "[a]ny civil action under section 204 of the Omnibus Territories Act of 1977 ... shall be barred unless it is commenced not later than April 1, 1982." The class-action suit was filed on December 16, 1981, 106 days before the statutory deadline. Accordingly, the statute of limitations was tolled on that date.[1] American Pipe & Constr. Co. v. Utah, 414 U.S. 538, 553 (1974); see Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 350 (1983). The statute of limitations resumed when the Appellant opted out of the class action suit on November 17, 1986. Tosti v. City of Los Angeles, 754 F.2d 1485, 1488 (9th Cir.1985). The Appellant thus had 106 days from November 17, 1986, to file the individual complaint. The Appellant did not file the individual complaint until April 7, 1987, however, thirty-five days after the statute of limitations had expired.
 
 
 4
 The Appellant argues that the district court failed to warn the class participants that if they wished to opt out, they had only 106 days in which to file their individual claims. Thus, he argues, the statute of limitations was "tolled until proper notice [was] given as to the appropriate statute of limitation and the deadline in which to file an independent complaint."
 
 
 5
 We disagree. Neither Eisen v. Carlisle & Jacquelin, 417 U.S. 156 (1974), upon which the Appellant relies, nor the Federal Rule of Civil Procedure 23(c)(2), which describes the notice that must be given, requires the district court to inform class members of the date by which they must file their individual claims upon opting out. According to Rule 23(c)(2), the district court need only inform class members of the ability to opt out at a specified date. See Eisen, 417 U.S. at 176 (purpose is to ensure members are informed of the right to opt out). Moreover, the Appellant was on notice that there was a statutory deadline. It was described in the March 11, 1983, Certification Order and was written in Section 204 itself.
 
 
 6
 The Appellant also appears to argue that, according to Tosti v. City of Los Angeles, 745 F.2d 1485 (9th Cir.1985), the appropriate statute of limitations period is three years. He misconstrues Tosti. Tosti involved a 42 U.S.C. § 1983 claim. Because Section 1983 did not have a statute of limitations, the Ninth Circuit applied the limitation of the closest analogous statute provided by the forum state. Tosti, 754 F.2d at 1487 n. 1. Section 204, however, provides its own statute of limitations--April 1, 1982--and we need not resort to an analogous state statute.
 
 
 7
 The Appellant also argues the individual complaint should be held timely by the "relation back principle" set forth in Federal Rule of Civil Procedure 15(c). The Appellant relies on an earlier Section 204 complaint filed in 1980, which sought compensation for the taking of four other tracts of land owned by the San Nicolas Estate and located outside the municipality containing Estate 104 Dededo. The 1980 complaint, like the Estate 104 Dededo claim, was made a part of the class action suit, but Appellant chose not to opt out of the settlement with respect to the 1980 complaint.
 
 
 8
 An amended pleading will relate back to the date of the original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." Fed.R.Civ.P. 15(c). We find that the two complaints do not share "a common core of operative facts" so that the United States had fair notice of the facts giving rise to Appellant's Section 204 claim on Estate 104 Dededo. See Martell v. Trilogy Ltd., 872 F.2d 322, 325-26 (9th Cir.1989) (defendant must be given fair notice of facts that formed the basis for proposed amended claim). The 1980 complaint apprised the United States only of claims against the four estates set forth in the original complaint; the United States had no reason to believe Appellant would add a claim against another estate once owned by the San Nicolas Estate.[2]
 
 
 9
 Accordingly, we find the Appellant's individual Section 204 claim untimely.
 
 
 10
 The Appellant also claims the right to sue the United States under both a federal common law right to possession and the Fifth Amendment. The Appellant relied below on the Omnibus Territories Act as a waiver of sovereign immunity. As the district court correctly concluded, the Act only waives the United States' sovereign immunity for Section 204 claims, and cannot support a waiver for other claims. See e.g., United States v. Mitchell, 445 U.S. 535, 538 (1980).
 
 
 11
 For the first time on appeal, the Appellant argues that the Constitution itself "limits the sovereign immunity of the government in that the government may not be immune from liability when it violates the Constitution." For this unique proposition the Appellant relies on Downes v. Bidwell, 182 U.S. 244, 280-81 (1901), a case dealing with the application of the Constitution to the territories. We reject this argument; Downes does not abrogate the United States' sovereign immunity.
 
 
 12
 Also for the first time on appeal, the Appellant argues that Section 702 of the Administrative Procedure Act (APA), 5 U.S.C. §§ 701-706, waives the United States' sovereignty. The APA grants judicial review to a person "adversely affected or aggrieved" by agency action. Assuming, arguendo, that the APA applies, cf. 5 U.S.C. § 702 (APA does not waive immunity as to any claims that expressly or impliedly are forbidden by "any other statute that grants consent to suit"); Block v. North Dakota, 461 U.S. 273, 286 n. 22 (1983); Metropolitan Water Dist. of S. Cal. v. United States, 830 F.2d 139, 143 (9th Cir.1987), aff'd sub. nom. California v. United States, 490 U.S. 920 (1989), the Appellant's claim is barred by the six year statute of limitations. See 28 U.S.C. § 2401. Estate 104 Dededo was taken in 1944, and the Appellant filed the common law and Fifth Amendment claims on April 7, 1987. Even if we were to treat the APA, enacted in 1946 and amended in relevant part in 1976, or the Omnibus Territories Act, enacted in 1977, as the date the Appellant knew or had reason to know of the taking, the claim still would have been filed after the six year deadline.
 
 
 13
 Accordingly, the Appellant's common law and Fifth Amendment claims against the United States are barred by sovereign immunity, and we need not decide whether Appellant has alleged a claim upon which relief may be granted.
 
 CONCLUSION
 
 14
 The district court's decision dismissing the Appellant's individual complaint and reinstating Appellant's class action complaint is affirmed. We remand to the district court so that it may award the funds due Appellant from the class action settlement fund.
 
 
 15
 AFFIRMED AND REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3
 
 
 [1]
 The district court held that the April 1, 1982, deadline was a jurisdictional condition on the waiver of the sovereign immunity of the United States, and thus not subject to equitable tolling principles. According to the Supreme Court's recent opinion in Irwin v. Veterans Administration, 111 S.Ct. 453 (1990), however, unless Congress provides otherwise, "[o]nce Congress has made such a waiver [of sovereign immunity] ... the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." Id. 111 S.Ct. at 457. Because we find Appellant's individual complaint was untimely even allowing for equitable tolling, we need not decide whether Congress intended its waiver of sovereign immunity to be immune from equitable tolling principles
 
 
 [2]
 Both parties raise the issue of prejudice to the United States. Whether the United States would be prejudiced by the application of Rule 15(c) is not relevant. See Martell, 872 F.2d at 324