NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 20 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JACQUELYNN NICKLER,

        Plaintiff-Appellant,

   v.

COUNTY OF CLARK; et al.,

        Defendants-Appellees.

No.   20-16334

D.C. No.
2:14-cv-01907-JCM-DJA

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Argued and Submitted June 9, 2021
Seattle, Washington

Before:  GOULD, CLIFTON, and MILLER, Circuit Judges.

   Jacquelynn Nickler appeals the United States District Court for the District of

Nevada's dismissal of her complaint and the court's denial of her request for leave

to amend.  Because the parties are familiar with the facts and procedural history of

the claim, we do not recite them here.  We have jurisdiction under 28 U.S.C. § 1291,

and we affirm.

_____

   *   This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

First, the district court did not err when it dismissed Nickler's remaining injunctive relief claim as moot on the ground that Nickler's badge privileges had been restored. The facts have changed, and there is no present harm left to enjoin. *Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997).

Second, the district court properly held that no exception to the mootness doctrine, such as the voluntary cessation doctrine, applied in this case. Nickler's badge privileges, the revocation of which underlies her Fourth Amendment injunctive relief claim, were not restored because of the litigation. *Public Utilities Com'm of State of Cal. v. F.E.R.C.*, 100 F.3d 1451, 1460 (9th Cir. 1996) (finding the voluntary cessation doctrine did not apply where the defendant's decision "was motivated by economic/business considerations, not this litigation"). Also, past exposure to illegal conduct does not "in itself show a present case or controversy . . . if unaccompanied by any continuing, present adverse effects." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 864 (9th Cir. 2017) (citation omitted). It is unlikely that Nickler's badge privileges will be limited again, considering that Appellees have been put on notice that they must first make "an individualized determination that Nickler" merits a "more intrusive search" before revoking her badge privileges again. *Nickler v. Cnty. of Clark*, 752 F. App'x 427, 430 (9th Cir. 2018). Considering the unique facts of this case, and the fact that the Appellees have been put on notice that they must make a determination before revoking the privileges again, the alleged

2

wrongful behavior cannot "reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

The district court also did not abuse its discretion by denying Nickler leave to file a First Amended Complaint. As to Nickler's attempt to replead her Fourth Amendment 42 U.S.C. § 1983 claim to include money damages, the district court correctly held that the rule of mandate doctrine foreclosed Nickler's claim. *United States v. Garcia-Beltran*, 443 F.3d 1126, 1130 (9th Cir. 2006) ("The rule of mandate requires a lower court to act on the mandate of an appellate court, without variance or examination, only execution." (citation omitted)). We previously held that the appellees in this case were entitled to qualified immunity except as to Nickler's claim for injunctive relief.

Regarding Nickler's First Amendment 42 U.S.C. § 1983 and defamation per se claims, the district court did not abuse its discretion by holding that amendment would be futile. The district court correctly concluded that the proposed complaint did not plausibly allege that "either Grierson or Lambermont defamed her." Nickler has not provided any specific factual allegations regarding what was said about her, and to whom.

The district court also did not abuse its discretion by holding that amendment would be futile as to Nickler's First Amendment 42 U.S.C. § 1983 claim. The district court correctly held that "Nickler does not cogently allege that she was

speaking about a matter of public concern."  Rather, Nickler has judicially admitted that her comment did not garner First Amendment protections, because she has said that she was discussing her frustration with her work, rather than a matter of public concern.  *See Weeks v. Bayer*, 246 F.3d 1231, 1235 (9th Cir. 2001) (stating that speech regarding individual personnel disputes and everyday workplace grievances did not state a claim under the First Amendment).

The district court also did not abuse its discretion in concluding that amendment would be futile as to Nickler's remaining state tort claims.  The district court correctly noted that we previously held that Nickler's intentional interference with prospective economic advantage and civil conspiracy claims were time barred.  The district court stated that "this court cannot usurp the Ninth Circuit's holding." Nickler's state law tort claims are also time barred because they do not relate back to the initial complaint.  *Martell v. Trilogy Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

The district court also correctly held that the *Foman* factors support denial of leave to amend "in light of Nickler's undue delay in amending her complaint, the futility of her proposed amended complaint, her judicial admissions making several of the fatal deficiencies in her claims incurable, and her bad faith attempt to revive the state law tort claims she raised in the companion case . . . ." *See Foman v. Davis*, 371 U.S. 178, 182 (1962).  The district court correctly dismissed Nickler's complaint with prejudice.

**AFFIRMED.**