**Warren L. ANDERSON and Ruby Anderson, Plaintiffs,**

**v.**

**DEERE & CO., a Delaware corporation, Defendant.**

**Civ. A. No. 83–K–1419.**

United States District Court, D. Colorado.

Dec. 4, 1985.

William E. Myrick, Myrick & Serruto, Tim Correll, Denver, Colo., for plaintiffs.

Charles L. Casteel, Davis, Graham & Stubbs, Denver, Colo., for defendant.

## MEMORANDUM OPINION AND ORDER

KANE, District Judge.

In this diversity action, plaintiffs seek compensatory and exemplary damages based on theories of negligence, strict liability for a defective product, breach of warranties, and loss of consortium. Defendant moves for summary judgment asserting that plaintiffs' claims are barred by Colorado's statutes of limitations. For the following reasons, I deny defendant's motion for summary judgment on plaintiffs' tort claims. I grant, however, defendant's motion for summary judgment on plaintiffs' warranty claims.

## BACKGROUND

On November 12, 1980, plaintiff Warren L. Anderson received severe injuries from an allegedly defective Deere Model 1010 Crawler Tractor. On July 1, 1983, plaintiff filed a complaint against John Deere Company (J.D.C.) and John Deere Industrial Equipment Company (J.D.I.E.C.). On July 5, 1985, plaintiffs filed a second amended complaint naming Deere and Company as a defendant. On August 14, 1985, I granted a motion for summary judgment filed by J.D.C. and J.D.I.E.C., and dismissed them from the lawsuit. Defendant Deere and Company now moves for summary judgment dismissing plaintiffs' claims.

Rule 56 of the Federal Rules of Civil Procedure states that summary judgment shall be rendered when there is no genuine issue as to any material fact and the mov-

ing party is entitled to judgment as a matter of law. Pleadings and factual inferences tending to show issues of material fact should be viewed in the light most favorable to the party opposing summary judgment. *Norton v. Liddel*, 620 F.2d 1375, 1381 (10th Cir.1980). Unless the moving party can demonstrate its entitlement beyond a reasonable doubt, summary judgment must be denied. *Id.; see also Luckett v. Bethlehem Steel Corp.*, 618 F.2d 1373, 1383 (10th Cir.1980).

## I

■ Defendant asserts that plaintiffs' tort claims are barred by Colorado's three-year product liability statute of limitations, Colo.Rev.Stat. § 13–80–127.5, because plaintiffs filed their claims against defendant more than three years after the accident occurred. Section 13–80–127.5 of the Colorado Revised Statutes provides:

(1) Notwithstanding any statutory provisions to the contrary, all actions except those governed by section 4–2–725, C.R.S., brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect againt a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product shall be brought *within three years af-*

*ter the claim for relief arises and not thereafter.* (Emphasis added.)

Plaintiffs assert that, pursuant to Rule 15(c) of the Federal Rules of Civil Procedure, their claims against defendant relate back to the date of the original pleading for purposes of the statute of limitations. Rule 15(c) provides:

Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.[1]

■ Defendant contends, but has presented no evidence showing, that it did not know or should not have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against it.[2] Thus, defendant has failed to prove beyond a reasonable doubt that it is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment on plaintiffs' tort claims is denied.[3]

---

1. Although the Rule refers to an "amendment changing the party", it sanctions relation back of amendments when adding or dropping parties as well as when substituting new parties. *Travelers Indemnity Co. v. United States for the Use of Construction Specialties Co.*, 382 F.2d 103, 105–06 (10th Cir.1967); *Staren v. American National Bank & Trust Co. of Chicago*, 529 F.2d 1257, 1263 (7th Cir.1976); *Upshaw v. Equitable Life Assurance Society of United States*, 85 F.R.D. 674, 677 (E.D.Ark.1980); J. Moore, 3 *Moore's Federal Practice* ¶ 15.15[4.–2], at 15–162 (2d ed. 1985). *But cf. Anderson v. Phoenix of*

*Hartford Insurance Co.*, 320 F.Supp. 399, 404 (W.D.La.1970) and cases cited therein.

2. Defendant does not contend that the claim asserted in the amended pleading did not arise out of the occurrence set forth in the original pleading, or that it did not receive notice of the institution of the action.

3. The cases cited by defendant are not contrary to this holding. In *Hernandez Jimenez v. Calero Toledo*, 604 F.2d 99 (1st Cir.1979) the court did not allow the plaintiff to amend its complaint

## II

Section 4–2–725 of the Colorado Revised Statutes provides:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued....

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made; ...

Defendant contends that plaintiffs' warranty claims are barred by § 4–2–725 because tender of delivery occurred in 1962 when the crawler tractor was sold to its first purchaser. Plaintiff contends that § 4–2–725 does not apply because they are third parties who did not contract directly with defendant, therefore, Colorado's three-year product liability statute, § 13–80–127.5,[4] should apply.

Colorado Courts have not addressed the issue of whether persons not parties to a sale, who are injured as a result of breach of warranties, are subject to the limitations period of § 4–2–725. Two judges in this federal district, however, have addressed the issue. In *Ayala v. Joy Manufacturing Co.*, 580 F.Supp. 521 (D.Colo.1984), Judge Moore held that persons not parties to the sale are subject to the limitations period of § 4–2–725. Judge Moore reasoned that § 4–2–725 specifically refers to causes of action for breach of warranty, whereas § 13–80–127.5 explicitly excepts those causes of action governed by § 4–2–725. *Id.* at 524–25. In *Wieser v. Firestone Tire and Rubber Co.*, 596 F.Supp. 1473 (D.Colo. 1984), Judge Weinshienk also held that persons not parties to the sale are subject to the limitations period of § 4–2–725. Judge Weinshienk stated that she was adopting

the approach the majority of courts in other jurisdictions follow when interpreting similar statutes. *Id.* at 1475.

Based on the foregoing, I hold that plaintiffs' warranty claims are barred by § 4–2–725. Accordingly, I grant defendant's motion for summary judgment on plaintiffs' warranty claims.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's motion for summary judgment on plaintiff's tort claims is DENIED.

(2) Defendant's motion for summary judgment on plaintiff's warranty claims is GRANTED.

---

with the amendment relating back to the date of the original pleading because no evidence in the record showed that the proposed defendants knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. In *Gutierrez v. Raymond International, Inc.*, 86 F.R.D. 684 (S.D.Tex.1980), *Upshaw v. Equitable Life Assurance Society of the United States*, 85 F.R.D. 674 (E.D.Ark.1980), and

*Francis v. Pan American Trinidad Oil Co.*, 392 F.Supp. 1252 (D.Del.1975), the plaintiffs clearly knew the identity of the proper defendant *before* the asserted statute ran. *Williams v. Dana Corp.*, 54 F.R.D. 473 (E.D.Mich.1971) involved a motion to add not only a new defendant, but also a new and independent cause of action.

**4.** § 13–80–127.5 is quoted in part I of this opinion.