**Warren L. ANDERSON and Ruby Anderson, Plaintiffs–Appellants**

v.

**DEERE & CO., John Deere Co., and John Deere Industrial Equipment Company, Defendants–Appellees.**

No. 86–1583.

United States Court of Appeals, Tenth Circuit.

July 26, 1988.

William E. Myrick of Myrick and Newton, P.C. and Tim Correll, Denver, Colo., for plaintiffs-appellants.

Charles L. Casteel and Anthony J. Shaheen of Davis, Graham & Stubbs, Denver, Colo., for defendants-appellees.

Before HOLLOWAY, Chief Judge, and ANDERSON, Circuit Judge, and DUMBAULD, Senior District Judge.[*]

DUMBAULD, Senior District Judge.

The question presented by this appeal is whether Rule 15(c) FRCP[1] saves plaintiffs-appellants from the bar of the statute of limitations.[2] The District Court held that it did not. We reverse.

The husband-plaintiff Warren L. Anderson on November 12, 1980, was injured by a malfunctioning piece of equipment known as a John Deere Model 1010 Crawler Loader.

It is undisputed that the crawler loader was designed in 1958 and manufactured in 1961 by appellee Deere & Company, a Delaware corporation still in existence, with its principal place of business in Illinois. It does not do business in Colorado. Its subsidiaries, appellees John Deere Company and John Deere Industrial Equipment Company, were not in existence when the crawler loader which injured Anderson was manufactured.[3]

Appellants sued the two subsidiaries, which were doing business in Colorado, in a Colorado State court, alleging claims for breach of warranty, negligence, and strict liability. The case was removed to the United States District Court for the District of Colorado on August 8, 1983.

■ On August 14, 1985, the District Court[4] dismissed the two subsidiaries, it being axiomatic "that the sale of the product ... by the defendant is an essential element in any product liability case." This left Deere & Company as the sole remaining defendant in the case.[5] On December 4, 1985, summary judgment for Deere & Co. was granted with respect to the breach of warranty claims. 622 F.Supp. 290. On February 11, 1986, the

---

[*] The Honorable Edward Dumbauld, United States Senior District Judge for the Western District of Pennsylvania, sitting by designation.

1. That provision reads in pertinent part:
   Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, *within the period provided by law for commencing the action against the party to be brought in by amendment that party,* (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) *knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.* [Italics supplied]

2. Colorado Revised Statutes 13–80–127.5:
   *Limitation of actions against manufacturers or sellers of products.* (1) Notwithstanding any other statutory provisions to the contrary, all actions except those governed by section 4–2–725 C.R.S., brought against a manufacturer or seller of a product, regardless of the substantive legal theory or theories upon which the action is brought, for or on account of personal injury, death, or property damage caused by or resulting from the manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, or sale of any product, or the failure to warn or protect against a danger or hazard in the use, misuse, or unintended use of any product, or the failure to provide proper instructions for the use of any product shall be brought within three years after the claim for relief arises and not thereafter.

3. John Deere Company was incorporated in 1971, and John Deere Industrial Equipment Company in 1969.

4. The Honorable John L. Kane, Jr., United States District Judge for the District of Colorado.

5. Deere & Company had been added as a defendant pursuant to the District Court's order on May 24, 1985. On August 28, 1985, the District Court denied a motion for reconsideration based upon a Colorado case holding that a manufacturer was under a duty to warn where a danger becomes known after the sale of the product. The District Court correctly held that this case "does not purport to extend the duty to warn to a company which was not involved in the design, manufacture, or sale of the product." Hence the motion was denied.

District Court held that Rule 15(c) FRCP does not preserve the negligence and strict liability claims against the Colorado statute of limitations. Hence summary judgment was entered for Deere & Company.

Appellants contend on appeal that it was error for the District Court to deny their motion for reconsideration of the orders of August 14, 1985, August 28, 1985, and of February 11, 1986. Besides seeking reconsideration *eo nomine,* appellants also requested that the judgment entered be altered or amended.

■ With respect to the orders of August 14, 1985, and of August 28, 1985, Judge Kane, citing the ten day provision in Rule 59(e) FRCP,[6] denied the motion on the ground of untimeliness. When he said that: "Judgment was entered *six months* [italics supplied] before plaintiffs' motion [of February 24, 1986] to alter or amend my orders of August 14, 1985, and August 28, 1985," he was obviously referring to the judgments pursuant to the orders of August 14, 1985, and August 28, 1985. But those judgments were interlocutory and not final, for purposes of the application of Rule 59(e). It was not until the judgment of February 11, 1986, dismissing the action against the remaining defendant Deere & Co., that a final judgment was entered adjudicating and disposing of all the claims of all the parties, as required by Rule 54(b) FRCP.[7] The motions attacking the orders of August 14, 1985, and August 28, 1985, were therefore not untimely. The ten-day period prescribed by Rule 59(e) begins to run only upon entry of a *final* judgment. Here the August 1985 orders were not final because they did not dispose of all parties and Deere & Company's liability remained undetermined.

It is within the District Judge's discretion to revise his interlocutory orders prior to entry of final judgment. Rule 54(b); *Partmar Corp. v. Paramount Corp.,* 347 U.S. 89, 100, 74 S.Ct. 414, 420, 98 L.Ed. 532 (1953); *Paramount Pictures Corp. v. Thompson Theatres,* 621 F.2d 1088, 1090 (10th Cir.1980). When a final judgment is entered, the ten day period begins to run. *Morgan Guaranty Trust Co. of New York v. Third National Bank of Hampden County,* 545 F.2d 758, 760 (1st Cir.1976). The two August 1985 orders holding the subsidiaries not liable merged in the February 11, 1986 order which granted summary judgment for Deere & Company for purposes of finality. *Aaro Inc., v. Daewoo International,* 755 F.2d 1398, 1400 (11th Cir.1985). If Judge Kane's reasoning were to be followed, all Rule 59 motions would have to be filed within ten days after entry of an *interlocutory* order, although such an order is not final for purposes of appeal.

■ However, we find the erroneous ruling on timeliness to be harmless error.[8] On the merits, no meritorious cause of action against the subsidiaries has been established. It is axiomatic, as Judge Kane stated in the passage hereinabove quoted, "that the sale of the product … by the defendant is an essential element in any product liability case." The subsidiaries were under no duty to warn of newly discovered defects,[9] nor were they responsible under doctrines of agency, or any other

---

**6.** That provision reads:

A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

**7.** It is there provided that.

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

**8.** As to harmless error, a leading case is *Chapman v. California,* 386 U.S. 18, 23–24, 87 S.Ct. 824, 827–28, 17 L.Ed.2d 705 (1967).

**9.** See note 5, *supra.*

theories of derivative liability, under the facts as developed by the record in the case at bar. Deere & Co. is still in existence, and the subsidiary corporations had no involvement in the design, manufacture, and sale of the particular product involved in the case at bar. Such involvement of the subsidiaries might occur in a case of products made and sold later, after the change in corporate structure and sales practices, but it is impossible to apply these theories to the case at bar because the subsidiaries were not involved in the transactions giving rise to this litigation. On the merits, rather than by reason of untimeliness, the orders dismissing the subsidiaries should be upheld.

We turn then to the principal issue of the case at bar, namely whether appellants' action against Deere & Co. remained viable, notwithstanding the statute of limitations, by virtue of the provisions of Rule 15(c) regarding "relation back."

It will be noted that three requirements must be met in order for an amendment adding a new party to relate back by virtue of Rule 15(c): (1) The claim asserted in the amendment must arise out of the same conduct or circumstances asserted in the original pleading; (2) the party being added must have had such knowledge of the pendency of the action that it will not be prejudiced in its defence on the merits; and (3) the party added must have known or should have known that it would have been an original defendant "but for a mistake [on the part of plaintiffs] concerning the identity of the proper party" to be sued. Clearly the first two requirements are met.[10] The disputed question relates to item (3).

The language of Rule 15(c) indicates that the knowledge required by item (3) must have been acquired "within the period provided by law for commencing the action against the party to be brought in by amendment." The time thus provided by

the Colorado statute of limitations [11] expired on November 12, 1983.

■■■ The crucial inquiry therefore is: Did Deere & Company know (or should it have known) before November 12, 1983, that it was the proper defendant and would have been sued "but for a mistake concerning the identity of the proper party?"

It would seem that the answer must be in the affirmative. Deere & Company knew that the pending action against its subsidiaries was a products liability case; it knew since 1961 that it (and not its subsidiaries first incorporated in 1969 and 1971) had manufactured the allegedly defective piece of equipment; and it knew (or should have known) that, as the District Court said when dismissing the subsidiaries, it was axiomatic in a products liability case that the party manufacturing and selling the allegedly defective product is the proper party to be sued in such a case.

We accept, based upon the record before us, appellants' assertion that they did not know the true facts regarding the manufacture of the allegedly defective crawler until they were disclosed in the answers filed on August 31, 1984, to plaintiffs' first set of interrogatories. This was after the statute of limitations had run.

We must assume also, upon the record before us, that with respect to the manufacture and sale of the equipment involved in the case at bar, the subsidiaries were not the agents or *alter ego* of the parent corporation, that there is no reason to pierce the corporate veil, that all the formalities of separate corporate existence were duly observed, as in *Cannon Mfg. Co. v. Cudahy Packing Co.*, 267 U.S. 333, 335, 45 S.Ct. 250, 251, 69 L.Ed. 634 (1925).

We are as much at a loss as the District Court was to comprehend why, after the disclosures of August 31, 1984, regarding the circumstances of the case, plaintiffs waited approximately nine months until May 24, 1985, to obtain leave to file their proposed amendment to add Deere & Com-

---

**10.** Deere & Company was aware of the course of proceedings against its subsidiaries. Indeed it prepared the answers to interrogatories (as recited in the answers themselves).

**11.** See note 2, *supra*.

pany as a defendant, and until July 24, 1985, to serve the amended complaint upon that defendant.[12] One may speculate that counsel may have wished to research whether a valid judgment could be obtained against Deere & Company when it was not doing business in Colorado, and the subsidiaries which did business there had not been in existence when the crawler was manufactured, and whether the Colorado District Court would have had "original jurisdiction" over a civil action originally brought against Deere & Company alone as required by the removal statute (28 U.S.C. 1441)[13] in order to make the action removable.

But regardless of such speculations as to whether appellants' delay was excusable or explainable, *the crucial time period* specified in Rule 15(c), within which defendant Deere & Company's imputable knowledge and appellants' "mistake" must be found to have existed in order for the Rule to become applicable by virtue of fulfillment of the third requirement thereof, *is the period ending on November 12, 1983.*

There is nothing in the record to indicate that within that crucial time period appellants were making a strategic or tactical choice, or that they were not suing the wrong parties because of a "mistake." Appellees' argument[14] based upon the affidavit of Steven R. Frankel, of Deere & Company's legal staff, is not persuasive. The affidavit of interested house counsel is not sufficient to support a summary judgment. *Madison v. Deseret Livestock Co.*, 574 F.2d 1027, 1037 (10th Cir.1978).

■ Appellants' subsequent delinquency, once Rule 15(c) has become applicable by virtue of compliance with its terms, can not defeat the relation back of the amendment which flows as a consequence of the application of the Rule.

We are unable to find any statutory authority or any language in Rule 15(c) which justifies the District Court's penalizing appellants as it did for their dilatory behavior,[15] or which supports the District Court's reasoning[16] that Rule 15(c) ceased to be applicable by reason of appellants' delay. Therefore we must treat the District

---

**12.** In any event, that motion was granted by the District Court on May 24, 1985, and Deere & Co. was added as a defendant.

**13.** 28 U.S.C. 1441(a) provides:

Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the court of the United States for the district and division embracing the place where such action is pending.

**14.** Brief of Appellees, 13–14.

**15.** We put aside the possibility of imposing Rule 11 sanctions less severe than complete forfeiture of appellants' claims. The interesting topic of Rule 11 sanctions has been scheduled for discussion at the Third Circuit Conference to be held at Princeton, New Jersey, September 18–20, 1988.

**16.** In its order of February 11, 1986, the District Court said:

Plaintiffs point out that Deere & Co. should have known, when it answered the complaint, or when it responded to the interrogatories, that, but for plaintiffs' mistake concerning the identity of the parties, it should have been made the plaintiff. This may be the case, but plaintiffs cannot argue that they were still mistaken when they read the responses to the interrogatories. Neither can we expect defendants, nine months after providing this information to the plaintiffs, to believe that plaintiffs were still mistaken concerning identity. Had plaintiffs moved quickly, I would be inclined to let their claims in the amended complaints stand. I conclude, however, that plaintiffs moved out from under Rule 15(c)'s protection in light of the fact that they did not amend their complaint as soon as they were informed that Deere & Co. was the proper party. In other words, they were no longer "mistaken" about the identity of the party to sue.

Because plaintiffs waited nine months after receipt of responses to interrogatories (and a year and nine months after the answer was filed) to name Deere & Co. as a defendant, it is reasonable that Deere & Co. did not know and should not have known that it would be named as a party. Even if defendants knew they should have been named as the correct party, plaintiffs' failure to serve defendant with the amended complaint naming them until 11 months after receiving the responses to the interrogatories made it reasonable for defendants to believe (1) that plaintiffs were no longer mistaken and (2) that plaintiffs had chosen not to name Deere & Co.

Court's conclusion on this point as erroneous.

The District Court's rulings with respect to the issues raised by appellants must therefore be reversed in part, and affirmed in part. We reverse the District Court's holding that appellants' motion for reconsideration of the orders of August 14, 1985, and August 28, 1985, should be denied on the ground of untimeliness; but we hold that such error was harmless, and on the merits affirm and uphold said orders insofar as they dismissed the action with respect to appellees John Deere Co. and John Deere Industrial Equipment Company; and we reverse the order of February 11, 1986, insofar as it grants summary judgment in favor of appellee Deere & Company and dismisses the action with respect to said party; and we also reverse the order of March 19, 1986, denying reconsideration of the order and judgment of February 11, 1986; and remand the cause for further proceedings in accordance with this opinion.

REVERSED IN PART; AFFIRMED IN PART; AND REMANDED.