NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1106

ZHEJIANG NATIVE PRODUCE AND ANIMAL BY-PRODUCTS
IMPORT & EXPORT GROUP CORP., KUNSHAN FOREIGN TRADE CO.,
CHINA SUPER FOOD IMPORT & EXPORT CORP., HIGH HOPE INTERNATIONAL
GROUP JIANGSU FOODSTUFFS IMPORT & EXPORT CORP.,
NATIONAL HONEY PACKERS & DEALERS ASSOCIATION,
ALFRED L. WOLFF, INC., C.M. GOETTSCHE & CO.,
CHINA PRODUCTS NORTH AMERICA, INC., D.F. INTERNATIONAL (USA) INC.,
EVERGREEN COYLE GROUP, INC., EVERGREEN PRODUCE, INC.,
PURE SWEET HONEY FARM, INC., and SUNLAND INTERNATIONAL, INC.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee,

and

THE AMERICAN HONEY PRODUCERS ASSOCIATION
and THE SIOUX HONEY ASSOCIATION,

Defendants-Appellees.

Ned H. Marshak, Grunfeld, Desiderio, Lebowitz, Silverman & Klestadt LLP, of New York, New York, argued for plaintiffs-appellants.  With him on the brief were Bruce M. Mitchell; and Mark E. Pardo, of Washington, DC.  Of counsel was Adam M. Dambrov.

Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, argued for defendant-appellee United States.  With him on the brief were Jeanne E. Davidson, Director, and Jane C. Dempsey, Trial Attorney.

Michael J. Coursey, Kelley Drye & Warren LLP, of Washington, DC, argued for defendants-appellees The American Honey Producers Association, et al.  With him on the brief was R. Alan Luberda.

Appealed from:  United States Court of International Trade

Judge Richard K. Eaton

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1106

ZHEJIANG NATIVE PRODUCE AND ANIMAL BY-PRODUCTS
IMPORT & EXPORT GROUP CORP., KUNSHAN FOREIGN TRADE CO.,
CHINA SUPER FOOD IMPORT & EXPORT CORP., HIGH HOPE INTERNATIONAL
GROUP JIANGSU FOODSTUFFS IMPORT & EXPORT CORP.,
NATIONAL HONEY PACKERS & DEALERS ASSOCIATION,
ALFRED L. WOLFF, INC., C.M. GOETTSCHE & CO.,
CHINA PRODUCTS NORTH AMERICA, INC., D.F. INTERNATIONAL (USA) INC.,
EVERGREEN COYLE GROUP, INC., EVERGREEN PRODUCE, INC.,
PURE SWEET HONEY FARM, INC., and SUNLAND INTERNATIONAL, INC.,

Plaintiffs-Appellants,

v.

UNITED STATES,

Defendant-Appellee,

and

THE AMERICAN HONEY PRODUCERS ASSOCIATION
and THE SIOUX HONEY ASSOCIATION,

Defendants-Appellees.

Appeal from the United States Court of International Trade in Case No. 02-00057,
Judge Richard K. Eaton.

_____

DECIDED:  July 23, 2009
_____

Before NEWMAN, BRYSON, and LINN, Circuit Judges.

BRYSON, Circuit Judge.

The appellants, referred to collectively as "Zheijiang," appeal from a decision of the Court of International Trade denying their motion for relief from a final judgment under Ct. Int'l Trade R. 60(b). We dismiss the appeal for lack of jurisdiction.

In 2004, the Court of International Trade sustained the Department of Commerce's findings that honey imported from the People's Republic of China was being sold at less than its fair value and that "critical circumstances" warranted the assessment of enhanced antidumping duties under 19 U.S.C. § 1673b(e). Zhejiang Native Produce & Animal By-Prods. Imp. & Exp. Corp. v. United States, No. 02-00057 (Ct. Int'l Trade Aug. 26, 2004) ("Zhejiang I"). Zhejiang took an appeal to this court, challenging only the trial court's decision with respect to the "critical circumstances" issue. This court reversed and remanded the case to the trial court on that issue, and the trial court in turn remanded to the Department of Commerce. Zhejiang Native Produce & Animal By-Prods. Imp. & Exp. Corp. v. United States, 432 F.3d 1363 (Fed. Cir. 2005) ("Zhejiang II").

Commerce conducted further proceedings on the "critical circumstances" issue and filed the results of its remand redetermination. The case then returned to the Court of International Trade, but that court has not yet issued its decision concerning the remand results. There is therefore no final judgment at this time for this court to review.

Without waiting for the conclusion of proceedings before the trial court, Zhejiang filed a motion under Ct. Int'l Trade R. 60(b) purporting to seek relief from the trial court's previous final judgment in 2004. Zhejiang argued that this court's decision in Zhejiang II

warranted vacatur of the 2004 judgment in its entirety, and not just of the trial court's decision with respect to the "critical circumstances" issue. In effect, therefore, Zhejiang was seeking reconsideration of the trial court's decision to affirm Commerce's finding that the subject imports were sold at less than fair value. The trial court denied the Rule 60(b) motion, on the grounds that <u>Zhejiang II</u> did not address Commerce's dumping determination and that Zhejiang had waived any challenge to that determination by failing to appeal the issue to this court. Zhejiang has taken this appeal from the trial court's ruling on the Rule 60(b) motion.

Zhejiang's effort to fashion an interlocutory appeal from the order denying the Rule 60(b) motion is flawed in several respects. First, a Rule 60(b) motion was out of place in this case. Rule 60(b) provides certain limited grounds for collaterally attacking a final judgment; it is not a device for challenging a trial court's rulings in an ongoing proceeding. A final judgment is therefore a necessary predicate for a Rule 60(b) motion. <u>See</u> 12 James Wm. Moore, <u>Moore's Federal Practice</u> § 60.23 (3d ed. 1997).[1] Although the trial court's 2004 judgment was final, that final judgment was reversed on appeal and remanded to the trial court. There is thus no longer any final judgment in this case as to which a Rule 60(b) motion could properly be filed.

Second, apart from the inapplicability of Rule 60(b), this court lacks jurisdiction over the appeal. In light of the ongoing proceedings before the trial court, the order from which this appeal is taken is plainly interlocutory. <u>See</u> 15B Charles Alan Wright &

---

[1] Although this case is controlled by the Rules of the Court of International Trade, those rules parallel the Federal Rules of Civil Procedure in most respects, and we have previously noted that well-settled interpretations of the Federal Rules of Civil Procedure are useful guides to the interpretation of closely analogous Court of International Trade rules. <u>Sumitomo Metal Indus., Ltd. v. Babcock & Wilcox Co.</u>, 669 F.2d 703, 705 n.3 (CCPA 1982).

Arthur R. Miller, Federal Practice & Procedure § 3916 (3d ed. 2004); 19 James Wm. Moore, Moore's Federal Practice § 202.13[2] (3d ed. 1997); see also Penn West Assocs., Inc. v. Cohen, 371 F.3d 118, 123-24 (3d Cir. 2004); Broadway v. Norris, 193 F.3d 987, 989 (8th Cir. 1999). Zhejiang has offered nothing by way of explanation for why the order on appeal is sufficiently "final" to trigger this court's appellate jurisdiction under 28 U.S.C. § 1295(a)(5). See, e.g., Riley v. Kennedy, 128 S. Ct. 1970, 1981 (2008) (a "final decision" within the meaning of 28 U.S.C. § 1291 is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment").

Zhejiang's jurisdictional arguments rest on the demonstrably false premise that "a judgment which was final when issued does not somehow lose its finality as a result of subsequent events." It is hornbook law that a judgment is not final if the appellate court has remanded the case to the trial court for further proceedings, unless the remand is for purely ministerial purposes that involve no discretion. Richardson v. Gramley, 998 F.2d 463, 465 (7th Cir. 1993) (citing authorities). In this case, the appeal is simply an effort to obtain review of an issue in a pending trial court proceeding without waiting for the trial court to enter a final judgment in the case. To allow such a contrivance would be to recognize a new and wholly unjustifiable circumvention of the final judgment rule.

Zhejiang argues that deciding this appeal on the merits would be "efficient" because it would save the need for another appeal later. Setting aside the point that such an argument could be made in support of any interlocutory appeal, the problem with allowing an appeal here is not so much that it will cause disruption in this case, but that the court's willingness to entertain this appeal could lead to numerous similar interlocutory appeals in other cases in the future. Except in a few well-defined

2008-1106                                     4

circumstances, courts of appeals review final judgments, not particular issues as they arise in the course of trial proceedings. This is not one of those circumstances, and we therefore have no jurisdiction to hear this appeal. Accordingly, we are required to dismiss it.