# United States Court of Appeals for the Federal Circuit

---

**HALO ELECTRONICS, INC.,**
*Plaintiff-Appellee*

**v.**

**PULSE ELECTRONICS, INC., FKA PULSE ENGINEERING, INC., PULSE ELECTRONICS CORPORATION, FKA TECHNITROL, INC.,**
*Defendants-Appellants*

---

2016-2006

---

Appeal from the United States District Court for the District of Nevada in No. 2:07-cv-00331-APG-PAL, Judge Andrew P. Gordon.

---

Decided: May 26, 2017

---

CRAIG E. COUNTRYMAN, Fish & Richardson, PC, San Diego, CA, argued for plaintiff-appellee. Also represented by MICHAEL J. KANE, WILLIAM WOODFORD, JOHN A. DRAGSETH, Minneapolis, MN.

MARK LEE HOGGE, Dentons US LLP, Washington, DC, argued for defendants-appellants. Also represented by SHAILENDRA K. MAHESHWARI, RAJESH CHARLES NORONHA, NICHOLAS HUNT JACKSON.

---

Before LOURIE, MOORE, and HUGHES, *Circuit Judges.*

LOURIE, *Circuit Judge.*

Pulse Electronics, Inc. and Pulse Electronics Corporation (together, "Pulse") appeal from the decision of the United States District Court for the District of Nevada awarding Halo Electronics, Inc. ("Halo") prejudgment interest. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2:07-cv-00331-APG-PAL, slip op. (D. Nev. Apr. 6, 2016) (Joint Appendix "J.A." 1–2). Because we lack jurisdiction, we dismiss.

## BACKGROUND

Halo owns U.S. Patents 5,656,985, 6,297,720, and 6,344,785 (collectively, the "Halo patents"). In 2007, Halo sued Pulse for patent infringement. Pulse denied infringement and challenged the validity of the Halo patents. Pulse also filed a counterclaim not relevant to the issues in this appeal. Following trial, the jury found that: (1) Pulse directly infringed the Halo patents with products that it shipped into the United States; (2) Pulse induced others to infringe the Halo patents with products that it delivered outside the United States but ultimately were imported into the United States in finished end products; (3) it was highly probable that Pulse's infringement was willful; and (4) the asserted claims of the Halo patents were not invalid for obviousness. The jury awarded Halo $1.5 million in reasonable royalty damages.

On May 28, 2013, after the conclusion of post-trial briefing, the district court held, *inter alia*, that Pulse had not willfully infringed Halo's patents and entered judgment in favor of Halo in the amount of $1.5 million. Halo subsequently filed a bill of costs and the court taxed costs in the amount of $51,087.24. Halo did not file a motion for pre- or post-judgment interest in 2013.

Both parties appealed various aspects of the disposition to this court. Relevant here, Halo appealed from the district court's conclusion that Pulse's infringement was not willful and attendant failure to enhance damages, and this court affirmed. *See Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 769 F.3d 1371, 1381–83 (Fed. Cir. 2014), *vacated and remanded*, 136 S. Ct. 1923 (2016). The parties asserted that this court had jurisdiction over the appeal pursuant to 28 U.S.C. § 1295(a)(1). In its opening brief, Halo characterized the May 28, 2013 judgment as a "final judgment." J.A. 5017. On March 30, 2015, this court's mandate issued ("Original Mandate").

On June 9, 2015, Halo filed a motion in the district court seeking, *inter alia*, an accounting for supplemental damages and an award of pre- and post-judgment interest. Pulse filed an opposition to Halo's motion contesting, *inter alia*, the timeliness of Halo's motion for prejudgment interest.

On October 19, 2015, the Supreme Court granted, in part, Halo's petition for a writ of certiorari, limiting its review to the question relating to enhanced damages. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 356 (2015). The Supreme Court subsequently held that the enhanced damages test applied by this court was inconsistent with 35 U.S.C. § 284, and vacated and remanded to this court for proceedings consistent with its opinion. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1935–36 (2016). On remand, this court recalled the Original Mandate on July 14, 2016. We then vacated the district court's unenhanced damages award with respect to products that were delivered in the United States, remanded for proceedings consistent with the Supreme Court's opinion on enhanced damages, and reaffirmed its prior opinion in all other respects. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 831 F.3d 1369, 1373 (Fed. Cir. 2016). On September 12, 2016, this court's mandate issued ("Remand Mandate").

On April 6, 2016, prior to the Original Mandate being recalled, the district court awarded Halo (1) prejudgment interest "at the rate set forth in Nev. Rev. Stat. § 17.130, compounded annually, through May 28, 2013"; (2) post-judgment interest; and (3) supplemental damages for direct infringement. J.A. 1. The court did not set the amount of total prejudgment interest or the date from which to begin calculating such interest. Rather, it ordered Halo to prepare an updated calculation of the pre- and post-judgment interest amounts through the date of the court's order, and the parties to submit briefing on the issue of pre- and post-judgment interest if they could not stipulate to the total amount of interest. The court also ordered Pulse to produce financial data to Halo to assess supplemental inducement damages.

On April 27, 2016, the parties submitted briefing disputing the amount of pre- and post-judgment interest and the correct date from which to start assessing prejudgment interest. Halo contended that prejudgment interest on the entire $1.5 million jury award of damages began to accrue on the date that the complaint and summons were served, March 20, 2007. Pulse responded that Halo had not suffered $1.5 million of damages at the beginning of the damages period and thus was not entitled to compensation in that amount of damages as of the date of filing of the complaint. Pulse asserted that the calculation of prejudgment interest needed to account for the fact that Pulse's activities that were found to infringe occurred throughout the damages period.

On May 5, 2016, Pulse noticed this appeal of the district court's April 6, 2016 order. At that time, the parties' dispute regarding the appropriate calculation of prejudgment interest had not been resolved. During the September 27, 2016 status conference, the district court and the parties recognized that the court had not ruled on the outstanding interest calculation. Counsel for Pulse indicated that it would prefer that the district court wait to

rule on the outstanding prejudgment interest dispute until after this court addressed prejudgment interest in the instant appeal.

On November 21, 2016, the court entered a stipulation of satisfaction of judgment for the $1.5 million damages award, including costs, supplemental damages, and post-judgment interest. The stipulation expressly excluded prejudgment interest, enhanced damages, and attorney fees. As of the oral argument on April 5, 2017, those issues remained unresolved by the district court.

## DISCUSSION

We must first address whether we have jurisdiction.[1] Pursuant to 28 U.S.C. § 1295(a)(1), which embodies the final judgment rule, our jurisdiction is limited to an appeal from a "final decision" of a district court. 28 U.S.C. § 1295(a)(1). The Supreme Court has stated that a final decision "generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945); *see also Van Cauwenberghe v. Biard*, 486 U.S. 517, 521–22 (1988). In other words, "[i]f a 'case is not fully

---

[1] "We have an obligation to assure ourselves of our jurisdiction before considering the merits of an appeal." *PODS, Inc. v. Porta Stor, Inc.*, 484 F.3d 1359, 1365 (Fed. Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)). Accordingly, we take judicial notice of district court docket entries entered after the filing of the notice of appeal that relate to whether we have jurisdiction over this appeal. The relevant docket entries are "not subject to reasonable dispute because" they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Function Media, L.L.C. v. Google, Inc.*, 708 F.3d 1310, 1316 n.4 (Fed. Cir. 2013).

adjudicated as to all claims for all parties,' there is no 'final decision' and therefore no jurisdiction." *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) (quoting *Syntex Pharm. Int'l, Ltd. v. K–Line Pharm., Ltd.*, 905 F.2d 1525, 1526 (Fed. Cir. 1990)). The Supreme Court has explained that "a final judgment for money must, at least, determine, or specify the means for determining, the amount . . . ." *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958). The final judgment rule "serves a number of important purposes," including avoiding "piecemeal appeals" and "promoting efficient judicial administration." *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981).

28 U.S.C. § 1292(c)(2) is an exception to the final judgment rule. Pursuant to § 1292(c)(2) we have jurisdiction over "an appeal from a judgment in a civil action for patent infringement which would otherwise be appealable to [this court] and *is final except for an accounting*." (emphasis added). We have held that § 1292(c)(2) "confer[s] jurisdiction on this court to entertain appeals from patent infringement liability determinations when a trial on damages has not yet occurred . . . [and] when willfulness issues are outstanding and remain undecided." *Robert Bosch, LLC v. Pylon Mfg. Corp.*, 719 F.3d 1305, 1320 (Fed. Cir. 2013) (en banc).[2]

Halo argues that this court lacks jurisdiction because (1) the April 6, 2016 order is not a final decision appealable under 28 U.S.C. § 1295(a)(1); and (2) this is not a proper interlocutory appeal pursuant to 28 U.S.C.

---

[2]　Although it is our practice to follow precedent of the regional circuits on issues not unique to our areas of exclusive jurisdiction, we have adopted our own precedent on matters relating to our own appellate jurisdiction. *See Woodard v. Sage Prods., Inc.*, 818 F.2d 841, 844 (Fed. Cir. 1987) (en banc).

§ 1292(c)(2).  Halo additionally contends that the appeal is improper because the district court did not issue a separate judgment as required by Federal Rule of Civil Procedure ("Rule") 58.  Halo further asserts that dismissal of this appeal will simplify the case and conserve judicial resources because the district court has several issues pending before it.

Pulse responds that we have jurisdiction pursuant to § 1295(a)(1) because the May 28, 2013 judgment was a final decision or, alternatively, under § 1292(c)(2) because the decision is final except for an accounting.  Pulse contends that the prejudgment interest awarded by the district court is "final" and that further proceedings relating to this court's Remand Mandate would be "no more than 'an accounting.'"  Appellants' Reply Br. 9 (quoting *Robert Bosch*, 719 F.3d at 1319).  Pulse asserts that a separate judgment is not required in this appeal under Rule 58(a)(4) because Halo's motion is substantively an untimely Rule 59(e) motion.

We agree with Halo that we lack jurisdiction over the instant appeal.  As an initial matter, whether the prior appeal from the May 28, 2013 judgment was properly taken pursuant to § 1295(a)(1) is not dispositive of whether we have jurisdiction in this appeal.  *See Pandrol*, 320 F.3d at 1362 (noting that "the first appeal to this court was from a final judgment" and analyzing whether the court had jurisdiction over the subsequent appeal at issue).  Accordingly, we assess whether the appealed-from decision satisfies the requirements of either § 1295(a)(1) or § 1292(c)(2).

We first address whether the April 6, 2016 order was a final decision.  That order required the parties to either file a stipulation as to the amount of interest due or, "[i]f they disagree[d] on the calculation" of interest, to "file a brief . . . explaining their respective positions."  J.A. 1–2.  The parties disagreed with each other and filed briefs

contesting the appropriate amount of prejudgment interest and how to calculate it, particularly disputing the date from which to begin assessing prejudgment interest. The district court never resolved the parties' dispute regarding the date from which to begin calculating prejudgment interest or set the amount of prejudgment interest to be awarded to Halo.[3] Oral Argument at 2:30–3:07, 10:30–11:07, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 16-2006 (Fed. Cir. Apr. 5, 2017), http://oralarguments.cafc.uscourts.gov/default.aspx?fl=2016-2006.mp3; Transcript of Hearing at 4:20–8:7, 9:17–10:4, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2:07-cv-00331-APG-PAL (D. Nev. Sept. 27, 2016), ECF No. 619; Halo's Interest Calculation Requested by the Court's April 6, 2016, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2:07-cv-00331-APG-PAL (D. Nev. Apr. 27, 2016), ECF No. 592; Brief of Pulse Electronics, Inc. and Pulse Electronics Corp. Regarding Calculation of Damages, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 2:07-cv-00331-APG-PAL (D. Nev. Apr. 27, 2016), ECF No. 593. As a result, there is no final decision because the district court has not "determine[d], or specif[ied] the means for determining the amount" of prejudgment interest. *F. & M. Schaefer Brewing*, 356 U.S. at 233–34 (holding that a district court opinion setting the amount of the refund was not a final judgment where "the action also sought recovery of interest . . . from the date of payment to the date of judgment" and the district court's "opinion does not state the date or dates of payment and, hence, did not state facts necessary to compute the amount of interest to

---

[3]     Because the calculation of prejudgment interest remains unresolved, Federal Rule of Appellate Procedure 4(a)(2) does not apply.

be included in the judgment").[4]  We therefore lack jurisdiction under § 1295(a)(1).

For similar reasons, we also lack jurisdiction pursuant to § 1292(c)(2).  "As an exception to the final judgment rule, § 1292(c)(2) is to be interpreted narrowly." *Arlington Indus., Inc. v. Bridgeport Fittings, Inc.*, 759 F.3d 1333, 1339 (Fed. Cir. 2014).  Regardless whether prejudgment interest is part of an accounting or not, the award of prejudgment interest itself in this case is not final.  We have held that § 1292(c)(2) "does not go so far as to permit us to consider [a] non-final order" that is related to the accounting.  *Alfred E. Mann Found. for Sci. Research v. Cochlear Corp.*, 841 F.3d 1334, 1347 (Fed. Cir. 2016) (holding that this court lacked jurisdiction to review a

---

[4]    *See also Osterneck v. Ernst & Whinney*, 489 U.S. 169, 177 (1989) (explaining that it is adopting a rule that "prevent[s] appellate review before a postjudgment motion for prejudgment interest is resolved"); *Dieser v. Cont'l Cas. Co.*, 440 F.3d 920, 924 (8th Cir. 2006) (holding that an "order [that] indicated that the amount of prejudgment interest was yet to be determined" was not a final judgment); *Commercial Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 37 (1st Cir. 2000) (holding that there was no final judgment until "the district court ruled on the question of pre-judgment interest and issued an amended judgment," including determining "when prejudgment interest began to run"); *Transaero, Inc. v. La Fuerza Aerea Boliviana*, 99 F.3d 538, 541 (2d Cir. 1996) (holding there was no final judgment where "the appropriate interest rate and the interest period remain as disputed issues"); *Herzog Contracting Corp. v. McGowen Corp.*, 976 F.2d 1062, 1064–65 (7th Cir. 1992) (explaining that "the original judgment would not have been final only if it had deferred determination of [prevailing party's] entitlement to prejudgment interest").

district court order granting a motion for a new trial on damages where there was no final decision on damages); *see also Russell Box Co. v. Grant Paper Box Co.*, 179 F.2d 785, 787 (1st Cir. 1950) (holding that the court lacked jurisdiction under a prior version of § 1292(c)(2) where the order appealed from was "a purely interlocutory one incidental to the accounting"). Thus, because the order appealed from is itself non-final, we lack jurisdiction under § 1292(c)(2).

We note that counsel for Pulse expressed concern at oral argument about preservation of its right to appeal an award of prejudgment interest at a later date. Oral Argument at 4:30–50, 8:20–35, *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, No. 16-2006 (Fed. Cir. Apr. 5, 2017). As discussed at oral argument and conceded by Halo, Pulse has preserved its right to later file a proper appeal concerning a final award of prejudgment interest. *Id.* at 9:19–10:11, 11:20–13:16.

## CONCLUSION

We have considered Pulse's remaining arguments regarding jurisdiction, but conclude that they are without merit. For the reasons set forth above, we dismiss for lack of jurisdiction.

## **DISMISSED**

### COSTS

No costs.