NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HALO ELECTRONICS, INC.,**
*Plaintiff-Appellant*

**v.**

**BEL FUSE, INC.,**
*Defendant*

**PULSE ELECTRONICS, INC., FKA PULSE ENGINEERING, INC., PULSE ELECTRONICS CORPORATION, FKA TECHNITROL, INC.,**
*Defendants-Appellees*

---

2021-1861

---

Appeal from the United States District Court for the District of Nevada in No. 2:07-cv-00331-APG-PAL, Judge Andrew P. Gordon.

---

Decided: May 6, 2022

---

JOHN A. DRAGSETH, Fish & Richardson PC, Minneapolis, MN, argued for plaintiff-appellant. Also represented by MICHAEL J. KANE.

STEVEN EDMAN KISH, III, Howard & Howard Attorneys

PLLC, Las Vegas, NV, argued for defendants-appellees. Also represented by W. WEST ALLEN; JONATHAN F. KARMO, Royal Oak, MI.

_____

Before MOORE, *Chief Judge*, LOURIE and BRYSON, *Circuit Judges*.

PER CURIAM.

Nearly three years after the district court closed this case, appellant Halo Electronics, Inc., ("Halo") moved for prejudgment interest and for a new damages trial. The district court denied that motion. Halo filed a notice of appeal following the denial of its motion, but Halo now asks us to dismiss its own appeal because, in its view, the underlying judgment is not final. The appellees (collectively, "Pulse") ask us to dismiss the appeal because the district court entered what the appellees deem to be a final judgment in September 2017 and therefore this appeal is time-barred. We dismiss the appeal on the ground that no final order was entered by the district court.

I

Halo originally brought this lawsuit against Pulse in 2007. The district court held a jury trial, and the jury found that Pulse willfully infringed the asserted claims of several of Halo's patents. Halo then moved for enhanced damages, but the district court denied that request. Halo appealed to this court and then the Supreme Court, which articulated a new test for enhanced damages in *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93 (2016). On remand from the Supreme Court, we remanded the case to the district court so that it could reconsider its ruling on enhanced damages in light of the Supreme Court's opinion.

In 2015, while appellate proceedings on enhanced damages were pending, Halo moved in the district court for an award of prejudgment interest. The district court held that

Halo was entitled to prejudgment interest at the Nevada statutory rate and directed the parties to either agree to the amount of prejudgment interest or submit briefs outlining their proposed amounts. J.A. 17–18. The parties could not agree on the proper amount of prejudgment interest, so Halo and Pulse each submitted a brief outlining its proposed calculation of prejudgment interest.

In May 2016, before the district court determined which calculation was to be used, Pulse filed a notice of appeal challenging the district court's order stating that prejudgment interest would be awarded and directing the parties to submit briefing as to the proper amount of that award. In May 2017, we dismissed that appeal due to a lack of finality. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 857 F.3d 1347, 1352 (Fed. Cir. 2017). We held that the district court's order on the prejudgment interest motion was not final "because the district court ha[d] not determine[d], or specif[ied] the means for determining, the amount of prejudgment interest." *Id.* (internal quotation marks and citation omitted).

While Pulse's prejudgment interest appeal was pending in this court, Halo renewed its motion for enhanced damages in the district court. On September 5, 2017, the district court denied Halo's new motion for enhanced damages and directed the clerk to enter judgment and close the case. *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 281 F. Supp. 3d 1087, 1095–96 (D. Nev. 2017). The clerk followed that direction and entered a document styled "judgment" on September 6, 2017. J.A. 16. In its September 5 order, the district court did not address the issue of prejudgment interest, and the court's judgment made no reference to that issue.

Halo did not move for relief from the judgment at that time or otherwise inform the district court that it had failed to address the prejudgment interest issue. In fact, Halo took no action in the case for nearly three years. Then, on

July 30, 2020, Halo filed a "Motion for Pre-Judgment Interest Award and Damages Trial" in the district court. J.A. 1615. In the motion, Halo sought an award of prejudgment interest and a new trial on damages for certain sales transactions previously excluded from the damages award.

The district court denied Halo's motion, holding that the motion was untimely under Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure. *Halo Elecs., Inc. v. Bel Fuse Inc.*, No. 2:07-CV-00331, 2021 WL 1526390, at \*1 (D. Nev. Mar. 15, 2021). The district court noted that in light of its September 2017 order, "the case was over, subject to another appeal," and that "[i]f Halo believed an issue remained unresolved, it should have brought that to [the court's] attention then, not three years later." *Id.* The court added that "[t]he parties [are] entitled to rely on court judgments and move on with their affairs," and that reopening the case "would be unfair to Pulse and contrary to the goal of finality of judgments." *Id.* This appeal followed.

## II

We have jurisdiction over an appeal from a final decision of a district court. *See* 28 U.S.C. §§ 1291, 1295(a)(1). On the merits of its appeal, Halo asks us to address the issue of enhanced damages, on which the district court ruled in its September 5, 2017, order. We therefore must decide whether the district court's September 2017 order and judgment constituted a final judgment for purposes of our appellate jurisdiction.

We hold that the district court's September 6, 2017, judgment was not a final, appealable judgment. The Supreme Court has held that a final judgment exists when "the litigation [ends] on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). And with respect to a final judgment for money damages, finality does not exist if the district court does not "determine, or specify the means for determining, the amount" of the judgment. *United States*

*v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958). We dismissed Pulse's prior appeal in this case because the district court's failure to resolve the issue of prejudgment interest prevented the decision from becoming final. *Halo*, 857 F.3d at 1350–52 (citing *Catlin* and *F. & M. Schaefer*). Since that time, the district court has taken no further action on Halo's request for prejudgment interest.

Our decision in *Enzo Biochem, Inc. v. Gen-Probe Inc.* presents a useful comparison to this case. 414 F.3d 1376 (Fed. Cir. 2005). In that patent case, the district court granted summary judgment that the asserted patents were invalid under the on-sale bar but was apparently unaware that a counterclaim of unenforceability for inequitable conduct remained pending. *Id.* at 1378–79. After confirming with the parties that it had "covered all the issues raised," the district court in *Enzo* entered judgment and closed the case. *Id.* at 1378. When Enzo sought to appeal from the district court's decision on invalidity, we dismissed the appeal, holding that the district court's "mistaken" belief "that the case was at an end" was insufficient to create finality. *Id.* at 1380. Here, it is likewise clear that the district court believed the case to be over when it closed the case in September 2017, but that belief was mistaken because the court had not completely resolved the issue of prejudgment interest.

Pulse attempts to distinguish *Enzo* on the ground that *Enzo* involved a counterclaim that was not adjudicated by the district court, whereas the prejudgment interest issue in this case is not a separate claim or counterclaim that needed to be adjudicated. That distinction is unpersuasive, however, given that "[p]rejudgment interest is a portion of the damages and thus is an integral part of the merits decision." *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003). Accordingly, the district court's failure to decide the amount of prejudgment interest meant that Halo's infringement claim had not been fully adjudicated. *See also Dieser v. Continental Casualty Co.*, 440 F.3d 920, 922–24

(8th Cir. 2006); *SEC v. Carrillo*, 325 F.3d 1268, 1271–74 (11th Cir. 2003); *Com. Union Ins. Co. v. Seven Provinces Ins. Co.*, 217 F.3d 33, 36–37 (1st Cir. 2000). Furthermore, to conclude otherwise would mean that our earlier dismissal of Pulse's prejudgment interest appeal was improper.

In the alternative, Pulse argues that by failing to explicitly address prejudgment interest in its September 2017 order and judgment, the district court implicitly ruled that no prejudgment interest should be awarded to Halo. That argument is unpersuasive for two reasons. First, the district court's order awarding prejudgment interest to Halo at the Nevada statutory rate is strong evidence that the court intended to award some non-zero amount of prejudgment interest to Halo. *See* J.A. 17. Second, our precedent indicates that an appellate court cannot lightly deem claims impliedly resolved. *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1295 (Fed. Cir. 2005). Therefore, given the absence of any reference to prejudgment interest in the district court's September 2017 order, we reject Pulse's argument that the district court impliedly denied Halo's motion for prejudgment interest issue in that order.

In addition to arguing that the district court's September 2017 judgment was not final, Halo has petitioned for mandamus to direct the district court to decide the prejudgment interest issue. Appellant's Br. 29. The right to mandamus, however, is subject to laches. *See United States ex rel. Arant v. Lane*, 249 U.S. 367, 371 (1919); *Chapman v. County of Douglas*, 107 U.S. 348, 355 (1883) ("The writ may well be refused when the relator has slept upon his rights for an unreasonable time, and especially if the delay has been prejudicial to the defendant, or to the rights of other persons . . . ."). The district court found that Halo's nearly three-year delay in seeking relief from the September 2017 judgment was unreasonable and that reopening the case would be unfair to Pulse. Those considerations lead us to

conclude that the request that we issue a writ of mandamus to the district court is barred by laches.[1]

In the event of further proceedings in this case, the district court will have the discretion either to adjudicate the amount of prejudgment interest to be awarded to Halo or to consider whether to terminate the proceedings on Halo's request for prejudgment interest and any further relief based on Halo's failure to prosecute after September 2017. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 630–31 (1962) (holding that Rule 41(b) does not limit "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

**DISMISSED**

COSTS

No costs.

---

[1]    We do not agree with the district court that Halo should have moved for relief from the September 2017 orders under Rules 59(e) or 60(b), as the time limitations in those rules are triggered only by final judgments or orders. *See Anderson v. Deere & Co.*, 852 F.2d 1244, 1246 (10th Cir. 1988) (Rule 59(e)); *Penn W. Assocs., Inc. v. Cohen*, 371 F.3d 118, 124–25 (3d Cir. 2004) (Rule 60(b)); *Fayetteville Invs. v. Com. Builders, Inc.*, 936 F.2d 1462, 1472 (4th Cir. 1991) (both rules); *Zhejiang Native Produce & Animal By-Prod. Imp. & Exp. Grp. Corp. v. United States*, 339 F. App'x 992, 994 (Fed. Cir. 2009) (Rule 60(b)). Nevertheless, Halo could have notified the district court of the omission of the prejudgment interest issue promptly after the September 2017 orders were entered, but it did not.